70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth R. MOORE, Defendant-Appellant.
 No. 94-6591.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1995.
 
 Before KENNEDY and MOORE, Circuit Judges, and JOHNSTONE, District Judge.*
 MOORE, Circuit Judge.
 
 
 1
 Kenneth R. Moore appeals his convictions and sentences for possession of a controlled substance with intent to distribute and for use of firearms in connection with a drug trafficking crime. We affirm.
 
 I.
 
 2
 On June 1, 1994, Jack Jenkins of the Tennessee Bureau of Investigation ("TBI") drafted an affidavit seeking a search warrant for the residence of Kenneth R. Moore. The affidavit stated that an unnamed informant had told Jenkins that he or she had been in Moore's home within the previous ninety-six hours and had seen marijuana stored and sold there and cocaine in Moore's possession. The informant also claimed to have observed Moore's habits and "the manner in which he conducts said premises" on several occasions in the three previous months, and (1) had seen "many persons on and coming from said premises," (2) had seen "persons taking marijuana from said premises," and (3) observed that Moore had "no visible legal means of support." The affidavit noted that a Knoxville police officer had told Jenkins that the informant had "provided [the officer] credible information in the past which was found to be truthful and which resulted in the seizure of cocaine."
 
 
 3
 A Tennessee sessions judge issued the search warrant, and law enforcement officials executed it the next day. They found Moore asleep in bed. There were four loaded guns distributed around the bedroom, $12,000 in cash in a paper bag on the floor, and seven ounces of cocaine in a jar under the bed. The search also revealed over nine pounds of marijuana in a back room, along with scales and other weighing equipment. Thirty-five other firearms were also found in the house.
 
 
 4
 A jury convicted Moore of possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a), and use of firearms in connection with a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). He was acquitted of possession of cocaine with intent to distribute. The judge sentenced him to thirty-three months in prison for the marijuana possession offense and sixty months for the firearms offense, to be served consecutively. See 18 U.S.C. Sec. 924(c)(1). Moore appeals the district court's denial of his motion to suppress the evidence seized in the search, denial of his motion for acquittal based on insufficiency of the evidence, and refusal to reduce his possession sentence for acceptance of responsibility. He also claims that a sentence of sixty months for the firearms offense constitutes cruel and unusual punishment.
 
 II.
 
 5
 Moore first argues that the search warrant did not establish probable cause, and that the district court should therefore have suppressed the evidence seized from his home. This court will uphold a warrant as long as the magistrate had a substantial basis for concluding that the search would produce evidence of wrongdoing. United States v. Leake, 998 F.2d 1359, 1363 (6th Cir.1993). We review the district court's factual findings regarding the denial of a motion to suppress for clear error and its legal findings de novo; however, no deference is owed the district court if it is a reviewing court itself. Id. at 1362.
 
 
 6
 In Illinois v. Gates, 462 U.S. 213, 238 (1983), the Supreme Court described the "totality of the circumstances" test for determination of probable cause:
 
 
 7
 The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
 
 
 8
 Gates abandoned the Court's previous "two-pronged" test for veracity and basis of knowledge, emphasizing that a deficiency in one area could be counterbalanced by a "strong showing" in another.
 
 
 9
 If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activity in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip.
 
 
 10
 Id. at 233.
 
 
 11
 United States v. Finch, 998 F.2d 349 (6th Cir.1993), upheld the validity of a warrant based on an affidavit similar to the one at issue here. The Finch affidavit stated that
 
 
 12
 affiant has talked with a reliable informant ... who has given the affiant other information in the past which has been found to be true and correct, and which has resulted in several narcotic arrests and drug seizures. This reliable informant stated that within the past five (5) days ... this reliable informant has been inside the above described residence and has seen the above described person storing and selling Cocaine inside this residence.
 
 
 13
 Id. at 352. Like the affidavit in the instant case, the Finch affidavit was lacking in detail, and its incriminating allegations were unsubstantiated by any independent police corroboration. Both these deficiencies militate against the issuance of a warrant. See, e.g., United States v. Sonagere, 30 F.3d 51, 53 (6th Cir.), cert. denied, 115 S.Ct. 531 (1994); Leake, 998 F.2d at 1365. Gates itself emphasizes the importance of "explicit and detailed description" and "independent investigative work." See 462 U.S. at 234, 244. In light of these precedents, the issue of probable cause in this case is a close one.
 
 
 14
 However, we forego a probable cause determination here because the evidence seized in the search was admissible in any event under United States v. Leon, 468 U.S. 897 (1984). If law enforcement officials conduct a search in reasonable reliance on a warrant issued by a neutral magistrate, then the exclusionary rule does not apply to the fruits of the search even if the warrant is later found to be lacking in probable cause. Id. at 913. Evidence seized pursuant to a warrant will therefore be inadmissible only if (1) the affidavit is based on a knowing or reckless falsehood, (2) the issuing magistrate fails to act in a neutral and detached manner, (3) the information in the affidavit is so lacking in indicia of probable cause that belief in the warrant's legitimacy is entirely unreasonable, or (4) the warrant is so deficient on its face that the executing officials cannot reasonably believe its validity. United States v. Czuprynski, 46 F.3d 560, 563-64 (6th Cir.1995) (en banc); United States v. Savoca, 761 F.2d 292, 296 (6th Cir.), cert. denied, 474 U.S. 852 (1985).
 
 
 15
 Moore declined to address Leon on appeal, but did argue below that the police knew that there were insufficient indicia of reliability to justify the search even after issuance of the warrant. However, as mentioned above, the issue of probable cause in this case is close, and it does not seem "entirely unreasonable" for an officer to believe that a warrant based on little detail and no corroboration might still be valid, as long as the unnamed informant had successfully assisted prior cases. See Savoca, 761 F.2d at 297-98 (suggesting that close question of law on probable cause issue is basis for applying Leon exception).
 
 
 16
 Nor does Leon bar admission of the evidence on any other basis. The "facial deficiency" factor applies to warrants that, for instance, do not indicate the place to be searched or items to be seized. See Leon, 468 U.S. at 923. There is clearly no such deficiency in this case. The other two Leon considerations involve official misconduct, and would therefore ordinarily require a factual finding. However, in both his brief and oral argument, Moore's attorney declined to suggest that there was any bad faith or impropriety on the part of the officers or magistrate. Although the burden of proving good faith under Leon rests with the government, see United States v. Smith, 783 F.2d 648, 656 (6th Cir.1986) (Contie, J., dissenting) (citing United States v. Gant, 759 F.2d 484, 487 (5th Cir.1985), and United States v. Hendricks, 743 F.2d 653, 656 (9th Cir.1984)); see also Leon, 468 U.S. at 924 ("[T]he prosecution should ordinarily be able to establish objective good faith...."), it is unnecessary to remand this issue absent some prompting by the appellant or indication in the record that such an inquiry would be worthwhile.
 
 
 17
 In conclusion, the district court's ruling on the motion to suppress is not reversible error. Regardless of whether there was probable cause for issuance of the warrant, Leon directs us to forego application of the exclusionary rule in these circumstances. The evidence was properly admitted.
 
 III.
 
 18
 Moore's other grounds for appeal are also unpersuasive. The presence of four loaded guns and $12,000 in cash within Moore's reach when the police entered his home belies his claim that the evidence was insufficient to sustain a conviction for the firearms offense. Viewing this evidence in the light most favorable to the prosecution, a jury could easily find that Moore intended to use the guns to protect proceeds from drug sales. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). We have frequently upheld convictions under similar circumstances. See, e.g., United States v. Lloyd, 10 F.3d 1197, 1212-13 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 (1994); United States v. Clark, 928 F.2d 733, 737 (6th Cir.), cert. denied, 502 U.S. 846 (1991); United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989). Moore's alternative explanations for the guns' presence do not alter this conclusion. See United States v. Brown, 915 F.2d 219, 226 (6th Cir.1990) (" 'The defendant's sole purpose in the carrying of the weapon need not have been facilitation of the drug trafficking crime.' " (quoting United States v. Payero, 888 F.2d 928, 929 (1st Cir.1989))).
 
 
 19
 Moore also contends that, because he offered to plead guilty to the possession charge if he lost on his suppression motion, the district court erred in refusing to reduce his sentence for acceptance of responsibility. See United States Sentencing Commission Guidelines Manual Sec. 3E1.1 (1994) [hereinafter U.S.S.G.]. A district court's factual determination whether a defendant accepted responsibility will not be disturbed unless it is clearly erroneous. United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 502 U.S. 1016 (1991). The record reveals that Moore waited until the eve of the trial to suggest the conditional plea to the court, insisted at first on linking it to an interlocutory appeal on the suppression issue, and then belatedly discussed it with the prosecution after trial had commenced. Given that conditional pleas require the consent of the court and the prosecution, see Fed.R.Crim.P. 11(b), and that a guilty plea does not always merit a sentence reduction for acceptance of responsibility, see U.S.S.G. Sec. 3E1.1 commentary, applic. note 3, the district court's ruling on this issue was not clearly erroneous.
 
 
 20
 Moore's final claim is based on an argument that this court has already rejected: in United States v. Dumas, 934 F.2d 1387, 1389 (6th Cir.), cert. denied, 502 U.S. 1006 (1991), we held that a sixty-month sentence for violating 18 U.S.C. Sec. 924(c) does not implicate the Eighth Amendment's proscription against cruel and unusual punishment. Moore has suggested no reason to reconsider that holding.
 
 
 21
 For the foregoing reasons, this court AFFIRMS the appellant's convictions and sentences.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation