**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth R. MOORE, Defendant–
Appellant.**

**No. 96–5852.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1997

Decided Dec. 11, 1997.

Allen E. Schwartz (argued and briefed), Knoxville, TN, for Defendant–Appellant.

Hugh B. Ward, Jr. (argued and briefed), Office of the U.S. Attorney, Knoxville, TN, for Plaintiff–Appellee.

Before: MERRITT, MOORE, and BRIGHT, Circuit Judges.*

MOORE, J., delivered the opinion of the court, in which BRIGHT, J., joined. MERRITT, J. (pp. 600–601), delivered a separate opinion concurring in part and dissenting in part.

### OPINION

MOORE, Circuit Judge.

Defendant–Appellant Kenneth R. Moore appeals again in connection with his conviction and sentence for possession of a controlled substance with intent to distribute and for use of firearms in relation to a drug-trafficking crime. For the reasons that follow, we reverse.

## I. BACKGROUND

In his first appeal, in an unpublished opinion, we affirmed Moore's conviction and sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and for use of firearms in connection with a drug-trafficking crime in violation

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

of 18 U.S.C. § 924(c)(1).[1]  *See United States v. Moore*, 70 F.3d 1273, No. 94–6591, 1995 WL 704162, at *1 (6th Cir. November 28, 1995) (*Moore I*).  After we decided Moore's first appeal, the United States Supreme Court decided *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and endorsed a narrower definition of use of a firearm under § 924(c) than we had applied previously in this circuit.  As a result, on petition for rehearing, we vacated Moore's § 924(c) conviction and remanded the case to the district court to determine whether there existed sufficient evidence to support Moore's conviction under that statute.  *See United States v. Moore*, 76 F.3d 111, 114 (6th Cir.1996) (*Moore II*).  We adhered to our previous decision in all other respects.  *Id.*

On remand, the United States moved to dismiss with prejudice the § 924(c) conviction.  After granting the government's motion, the district court resentenced Moore to forty-one months' incarceration, three years' supervised release, and a $50 special assessment.  J.A. at 510–11.  The court arrived at this sentence by including in Moore's base-offense level the cocaine from Count Two of the indictment, as it had done in the original sentencing.  The court then altered its prior sentencing calculation by enhancing Moore's sentence two levels for the possession of firearms during the commission of a drug crime.  J.A. at 507–09.  Upon receiving his sentence, Moore filed this timely appeal.

On appeal, Moore asserts that the district court committed two errors: including the cocaine from Count Two in setting his base-offense level, and giving him a two-level enhancement for possessing guns in connection with a drug crime.  Appellant's Br. at 10.

1.  The government charged Moore in a four-count indictment.  In addition to the charges of using and carrying firearms in relation to drug trafficking (Count One), and possessing marijuana with the intent to distribute (Count Three), the government also charged Moore with possessing cocaine with intent to distribute (Count Two) and sought forfeiture of his property upon conviction of the drug crimes (Count Four).  J.A. at 17–20 (Indictment).  The jury acquitted him of the cocaine charges, J.A. at 117 (Verdict Form), and declined to forfeit his property to the government.  J.A. at 476 (Verdict).

## II.  JURISDICTION

The district court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## III.  ANALYSIS

While both parties vigorously contest the merits of this appeal, neither party discusses the central issue: whether the district court exceeded our remand order in *Moore II*.  In that case, our remand order read as follows:

> We therefore VACATE Moore's section 924(c)(1) conviction and REMAND for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense.  We adhere to our previous opinion in all other respects.

*Moore*, 76 F.3d at 114.  28 U.S.C. § 2106 provides appellate courts with the authority to grant general or limited remands.[2]  *See Super X Drugs Corp. v. FDIC*, 862 F.2d 1252, 1256 (6th Cir.1988) (issuing limited remand under § 2106).  *Accord United States v. Young*, 66 F.3d 830, 835 (7th Cir.1995) ("Pursuant to 28 U.S.C. § 2106, we may issue general or limited remands to the district courts.").  A general remand allows the district court to resentence the defendant de novo, which means that the district court may redo the entire sentencing process including considering new evidence and issues.  *See, e.g., United States v. Hebeka*, 89 F.3d 279, 284 (6th Cir.1996) (" '[T]here appears to be no prohibition in the guidelines ... keep-

2.  28 U.S.C. § 2106 reads:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

ing a district court judge from revisiting the *entire* sentencing procedure unless restricted by the remand order.'") (quoting *United States v. Duso*, 42 F.3d 365, 368 (6th Cir. 1994)) (emphasis added). Conversely, a limited remand constrains the district court's resentencing authority to the issue or issues remanded. In *Duso* we explained that "[i]t is possible, as occurs in many cases, that the remand would be a limited one which would not allow the district judge to make a de novo review of the sentencing procedure." *Duso*, 42 F.3d at 368. Therefore, the question here is whether our remand order was general or limited. If we issued a general remand, then the district court retained the authority to consider the relevant conduct and enhancement issues. However, if we issued a limited remand, then the district court exceeded our remand order by considering those issues.

■ The interpretation of the mandate is a legal issue which we review de novo. *Pennington v. Doherty*, 110 F.3d 502, 506 (7th Cir.1997). In the absence of an explicit limitation, the remand order is presumptively a general one. As we held in *United States v. Jennings*, 83 F.3d 145 (6th Cir.1996), "[o]n remand, the only constraint under which the District Court must operate, for the purposes of resentencing, is the remand order itself. Where the remand does not limit the District Court's review, sentencing is to be de novo." *Id.* at 151. *See also United States v. Moored*, 38 F.3d 1419, 1422 (6th Cir.1994) ("absent explicit limitations in the appellate court's mandate, an order vacating a sentence and remanding the case for resentencing directs the sentencing court to begin anew, so that fully de novo resentencing is entirely appropriate ....") (quotation omitted). Consequently, where an appellate court simply vacates a sentence and remands to the district court for "resentencing," that order is considered a general one that allows the district court to resentence the defendant de novo. *See, e.g., Young*, 66 F.3d at 836; *United States v. Caterino*, 29 F.3d 1390, 1394–95 (9th Cir.1994); *United States v. Cornelius*, 968 F.2d 703, 705–06 (8th Cir.1992).

In *Young, Caterino*, and *Cornelius*, the appellate courts issued orders vacating the defendants' sentences or reversing the defendants' convictions and remanding to the district court for resentencing. In each instance, on a subsequent appeal, the court construed its remand order as general rather than specific because the order contained no limiting language. It simply directed the district court to resentence the defendant. For example, in *Young*, the defendant appealed his sentence twice. On his third appeal, he again challenged his sentence contending that the district court exceeded the scope of the remand. In rejecting the defendant's challenge, the appellate court reiterated its remand order which stated that "[w]e therefore vacate the district court's sentence and remand the case for resentencing consistent with this opinion." *Young*, 66 F.3d at 836. After restating its remand order, the appellate court declared that "[o]ur order in no way constrained the scope of the issues the district court could consider on resentencing...." *Id.* Similarly, in *Caterino*, the defendant challenged the district court's authority to consider issues outside the remand order. The appellate court rejected the defendant's contention, noting that it had issued the following general remand order: "[T]he district court erred by adding multiple vulnerable victim adjustments to Appellant['s] offense level under the Guidelines. We therefore VACATE ... Caterino['s] sentence[ ] and REMAND for resentencing." *Caterino*, 29 F.3d at 1394 (alterations in original). According to the appellate court, "[t]his remand order did not expressly limit the district court to correcting the vulnerable victim adjustment." *Id.* Thus, the district court could resentence the defendant de novo. *Id.* at 1395. Finally, in *Cornelius*, the district court interpreted the appellate court's remand order as prohibiting it from consider new evidence regarding the defendant's status as an armed career criminal. The remand order announced that "we reverse the district court's determination that Cornelius was not an armed career criminal ... and remand for resentencing." *Cornelius*, 968 F.2d at 705. The appellate court in commenting on its remand order concluded that "[w]e did not limit the district court's further determination of whether Cornelius was an armed career criminal." *Id.* at 706.

Each one of those cases involved a remand order that simply vacated or reversed the sentence imposed by the district court and remanded for resentencing. The orders placed no limitations on the scope of the remand. As such, those orders were general rather than limited.

Although the mandates in *Young* and *Cornelius* were general, even those two courts recognized that "the 'mandate rule' requires the district court to adhere to our commands on remand." *Young*, 66 F.3d at 835. *Accord Cornelius*, 968 F.2d at 705 ("The sentencing court must, however, adhere to any limitations imposed on its function at resentencing by the appellate court."). In *United States v. Moored*, 38 F.3d 1419 (6th Cir.1994), we instructed that

> [U]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

*Id.* at 1421 (internal quotations omitted). Here, we issued an order that specifically limited the scope of the remand to a consideration of whether the evidence supported Moore's § 924(c) conviction. A district court violates the mandate rule by exceeding the scope of the remand order. *See, e.g., United States v. Cassity*, 720 F.2d 451, 458–59 (6th Cir.1983). *Accord United States v. Santonelli*, 128 F.3d 1233, 1237–38 (8th Cir.1997); *United States v. Polland*, 56 F.3d 776, 778 (7th Cir.1995).

In *Cassity, Santonelli*, and *Polland*, the appellate court issued a limited remand and required adherence to that limited remand in a subsequent appeal. For example, in *Cassity*, this court limited its remand order to reconsideration of a Fourth Amendment issue. On remand, the district court not only resolved that issue, but also considered a retroactivity issue. This court vacated the district court's retroactivity determination, concluding that the district court improperly reached that issue. *Cassity*, 720 F.2d at 459. Similarly, in *Santonelli*, the appellate court limited its remand order to reconsideration of the amount of drugs the defendant possessed. The district court properly followed the mandate. On appeal, both the government and the defendant argued that the district court erred by not considering additional issues. In affirming the district court, the appellate court emphasized the limited nature of its remand order and rejected arguments that the district court could consider issues beyond those specified in the limited remand. *Santonelli*, 128 F.3d at 1237–38. As in *Santonelli*, in *Polland* the appellate court issued a remand order limited to reconsideration of an enhancement for obstruction of justice, and the district followed that remand order. In a subsequent appeal, the defendant argued that the district court can always consider other issues on remand. In rejecting the defendant's position, the appellate court asserted its power to issue limited remands and stressed that district courts must follow those limited remands. *Polland*, 56 F.3d at 777–78.

As in *Cassity, Santonelli*, and *Polland*, we issued a limited remand in *Moore II*, and we expected the district court and the parties to adhere to its limitations as required by the mandate rule. While we recognize that this court has in the past and will continue in the future to issue general remands, there are times when judicial economy favors limited remands.[3] As the *Santonelli* court reasoned:

> Repetitive hearings, followed by additional appeals, waste judicial resources and place additional burdens on parole officers and personnel and on hardworking district and appellate judges ... Ordinarily, an appeals court can avoid the problem of multiple appeals by issuing specifically limited re-

---

3. Subsequent to our decision in *Moore II*, this circuit held that where the appellate court vacates or reverses a § 924(c) conviction and sentence, this court may direct the district court on remand to consider a two-level enhancement of the defendant's offense level under U.S.S.G. § 2D1.1(b)(1). *See United States v. Clements*, 86 F.3d 599 (6th Cir.1996). The decision in *Clements* does not affect our decision in the present case because *Clements* did not involve a limited remand; indeed *Clements* exemplifies the discretion that an appellate court may exercise in directing the scope of a remand pursuant to § 2106.

mands on sentencing cases, leaving open for resolution only the issue found to be in error on the initial sentencing.

*Santonelli,* 128 F.3d at 1238. *See also Super X Drugs Corp.,* 862 F.2d at 1256 (issuing limited remand "[t]o conserve judicial time and resources."). We followed this common-sense prescription in *Moore II,* and we heed it here in this appeal.

### IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is **REVERSED** and the forty-one month sentence is **VACATED.** The district court originally sentenced Moore to imprisonment for sixty months for the § 924(c) conviction and thirty-three months for the marijuana conviction. Because the government dismissed with prejudice Moore's § 924(c) conviction, we **REMAND** this case to the district court for the limited purpose of resentencing Moore to the thirty-three months he originally received as a result of his conviction on the marijuana count of the indictment. We **AFFIRM** the district court's imposition of three years' supervised release and a $50 special assessment.

MERRITT, Circuit Judge, concurring in part and dissenting in part.

I agree with Judge Moore in her majority opinion that the relevant conduct adjustment under § 1B1.3(a)(2) of the Guidelines was inappropriate, but I certainly do not agree that the upward adjustment for possession of a firearm under § 2D1.1(b)(1) was a mistake. Section 2D1.1(b)(1) requires for offenses involving drugs an adjustment as follows, "if a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Here the only testimony at trial showed that of the 39 guns possessed by the defendant there were several loaded guns in the defendant's bedroom where the officers discovered defendant and his companion in bed near cocaine, a large amount of cash and marijuana hidden in the adjacent room. A loaded Browning high-power semi-automatic pistol was in an open bag by the bed. A loaded Winchester 12–gauge semi-automatic shotgun was leaning against a gun case in the bedroom. A loaded .380 Makarov semi-automatic pistol

was on a table next to defendant's bed, and a small loaded .22 caliber Iver Johnson semi-automatic pistol was in a pair of defendant's shorts by the bed. Surely it cannot be argued that the defendant did not "possess" these weapons in connection with or in relation to the drug business that he was carrying on.

Our previous decision remanded the case to the District Court "for further proceedings in which the parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense." On remand that is exactly what the District Court did. It followed the remand order. It "focused" on the "firearms during and in relation to" the drug offense. It found that the defendant did not carry or use the firearms in committing the offense, but it found that the defendant "possessed" the firearms in relation to the drug business and particularly in relation to the drugs charged in this case. The Sentencing Guidelines mandate this is not discretionary under the Guidelines a two level enhancement. Had I been the district judge, I would have done the same thing as District Judge Jordan did here because under the Guidelines this was his duty. The language of our previous decision did not forbid such a firearms enhancement, but rather it tells the District Court to "focus on the firearm in relation to the drug offense."

It would have been improper for the District Court at the first sentencing to sentence the defendant for a five year mandatory term under § 924(c)(1) for using the firearm in connection with the drug offense and then in addition adjust the sentence upward by two levels under § 2D1.1(b)(1). But having set aside the § 924(c)(1) conviction, it was incumbent on the district judge in focusing on the firearms to see if the two level upward adjustment should be imposed. Our Court would have been in error should it have attempted to take away from the district judge this authority on remand, and I do not see any language in the remand order that tells Judge Jordan not to consider this. The majority opinion does not attempt to justify its ruling by pointing to any particular lan-

guage forbidding the district court from carrying out its responsibilities under the Sentencing Guidelines. In light of the broad "focus" language of the remand order, I see no reason to upset the two level enhancement imposed by Judge Jordan for the possession of a firearm in connection with the drug offense.