James WEEDEN and Tina Weeden,
Plaintiffs–Appellants,

v.

AUTO WORKERS CREDIT UNION,
Defendant–Appellee.

No. 01–3383.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2002.

Before JONES, NELSON, and
DAUGHTREY, Circuit Judges.

PER CURIAM.

This case is before us for the second
time, following our order of remand to the

district court with directions to put into effect the agreement of the parties that was reached during oral argument at the time of the initial appeal. *See Weeden v. Auto Workers Credit Union, Inc.*, No. 97–3073, 1999 WL 191430 (6th Cir. Mar.19, 1999), *cert. denied*, 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000) (*Weeden I* ). Having received the very remedy to which they agreed at that time, the plaintiffs now appeal a second time seeking to lessen the financial burden resulting from the decision in *Weeden I*. Specifically, they argue that the district court should not, on remand from this court, have ordered them to repay the entire mortgage amount, plus interest, that was given them for their real estate transaction. Furthermore, the plaintiffs insist that the district judge should have granted their motion for statutory relief under the Truth–In–Lending Act, 15 U.S.C. §§ 1601–1693r, and should have awarded interest to the credit union only from the date of the district court judgment on remand, not from the date of the initial loan. For the reasons stated below, we find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this action were set out in great detail in our prior opinion in this matter. For purposes of this appeal, therefore, we need not recount the entire factual history of the litigation. Instead, it is sufficient to reiterate that the Weedens submitted a loan application to Auto Workers Credit Union in 1993 in contemplation of refinancing the mortgage on their residence, and that in processing that application and dispensing the refinanced mortgage funds, the credit union failed to comply with the strict requirements of the Truth–In–Lending Act. The plaintiffs thus filed suit in federal district court.

Despite a verdict in favor of the credit union, we concluded on appeal that the district judge erroneously instructed the jury. Because that error could not be termed harmless, we vacated the judgment in favor of the defendant. We nevertheless determined that a retrial was not necessary because all parties agreed at oral argument "that rescission of the loan and restoration to their original positions would constitute a fair resolution of their dispute." Consequently, this court entered judgment in favor of the Weedens and further stated:

> [W]e REMAND to the district court with instructions to order rescission of the loan; the defendant's return to the Weedens of all funds paid in, with interest; and the Weedens' return to the Credit Union of the original proceeds of the mortgage, with interest. Because rescission is the relief the Weedens have consistently sought—according to them ever since July 1993—we decline to order the payment of statutory damages in this case. *Cf. Stone v. Mehlberg*, 728 F.Supp. 1341, 1349–50 (W.D.Mich.1989). However, because the plaintiffs are the prevailing parties in this action, the district court must also assess attorneys' fees and costs in their favor.

*Weeden I* at *5.

Subsequently, upon remand, the district court entered the following order:

> Pursuant to the order of the Sixth Circuit Court of Appeals, original judgment VACATED. Judgment is entered in favor of the Plaintiffs. The loan is ordered to be rescinded; the Defendants are to return to Plaintiffs all funds paid in with interest; and, Plaintiffs are to return to the Credit Union all the original proceeds of the mortgage, with interest.

Counsel for the Plaintiffs to timely submit a fee bill to this Court as the Plaintiffs are the prevailing parties.

In response to the district court order, one of the plaintiffs' two attorneys submitted a fee bill in the amount of $22,485.00, and the other attorney offered a bill for attorneys' fees in the amount of $18,220.00, and a bill for expenses in the amount of $4,660.70. Additionally, Tina Weeden herself filed an affidavit seeking reimbursement of her expenses in an amount in excess of $24,000.00. The district judge appropriately ruled that Tina Weeden's personal expenses were not compensable in this action. Furthermore, the district court, rather than "spend[ing] hours combing the fee statements to divine a figure which will adequately address the concerns" the court had with the fee requests, simply reduced the claimed fees by one-third, awarding attorney Drain $15,064.95 and attorney Dilts $12,207.40.

Due to misunderstandings between the parties as to the extent of their respective liabilities, the district court entered a final order explaining, again, that the credit union was responsible for payment of the reduced attorneys' fee awards, plus the plaintiffs' original costs request of $4,660.70. Also, the defendant was required to return to the Weedens all monies collected from them in payment on the mortgage—$54,938.23 in principal and interest payments, plus an additional $16,409.03 in interest to compensate the plaintiffs for the loss of use of those monies from the date of closing to March 3, 2001, a total of $71,347.26. Similarly, the Weedens were required to return to the defendants all monies forwarded to them pursuant to the mortgage agreement—the $90,000.00 principal amount, plus $52,169.18 in interest to compensate the lender for its loss of use of its money for almost eight years, a total of $142,169.18.

Offsetting the parties' liabilities against each other, the district court then entered a final judgment in this matter in favor of the defendant, requiring the Weedens to transfer to the credit union $70,821.92 in exchange for the defendant's cancellation of the mortgage on the plaintiffs' residence. From that determination, the Weedens now appeal.

## DISCUSSION

The plaintiffs first contend that the judgment of the district court effectively violated this court's mandate by permitting recovery by the credit union when judgment was entered by this court in favor of the plaintiffs. The Weedens' position on appeal, however, evidences a basic misunderstanding of our original 1999 decision and of the extent of the district court's power.

In the previous ruling, we explicitly concluded that the Weedens were entitled to rescission of the refinancing agreement, but also directed, in part, that both the Weedens and the credit union return to the opposing party all benefits received from the transaction, plus interest, in order to place the parties in a position as close as possible to that which they enjoyed prior to negotiation of the refinancing agreement. As a result of that directive, the remand to the district court was a limited one, rather than a general remand. See United States v. Moore, 131 F.3d 595, 597–98 (6th Cir.1997) (discussing 28 U.S.C. § 2106 and the appellate court's authority to remand for "entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances"). The district court was, therefore, required to do exactly what this court commanded, that is, attempt to return the parties to their original positions by ordering each

party to reimburse the other litigant for all monies received, plus interest.

■ To do so, the district court correctly directed the credit union to return to the Weedens the $54,938.23 the couple had paid over the years to reduce the principal and interest amounts of the mortgage. Additionally, the district court appropriately ordered Auto Workers Credit Union to pay the plaintiffs interest on that money for the loss of use of those funds for the almost eight years between closing on the mortgage and the final order of payment by the court. To place the credit union in the same position it had once occupied, the district court was also obligated to mandate the return by the Weedens of the entire $90,000 mortgage amount made available to the plaintiffs from 1993 until 2001, plus interest on that amount to compensate the credit union for the lost use of those funds over time.

Before this court, the Weedens argue—disingenuously, we conclude—that the only funds actually transferred to them by the credit union were included in a single check in the amount of $2,527 .21, representing the difference between the $90,000.00 principal amount of the loan and the $87,472.79 due from the borrowers. Although the additional $87,472.79 was never actually placed in the Weedens' hands, however, the couple were in constructive receipt of that amount. Indeed, the purpose of refinancing the original mortgage was to obtain funds to pay off the existing debt, but at a more favorable interest rate. Thus, the credit union did advance the plaintiffs the full $90,000.00 amount. The majority of the sum financed was used to retire the Weedens' first mortgage, and the remainder, $2,527.21, was paid directly to the borrowers. In order to place the credit union back in the position it was originally, the district court correctly required the plaintiffs to return to the defendant *all* proceeds that inured to the Weedens' benefit.

In another somewhat confusing allegation of error, the plaintiffs contend that the district court erred in failing to grant the Weedens' motion requesting the credit union to show cause why it had not yet, as of January 17, 2001, rescinded the subject mortgage as required by the mandate in *Weeden I*. Our prior decision is clear, however, that rescission of the mortgage loan is only one of several interrelated remedies ordered. While it is true that the credit union did not unilaterally rescind its loan, it is also true that the district court's order of October 31, 2000, required in addition that the plaintiffs "return to the Credit Union all the original proceeds of the mortgage, with interest," a directive with which the Weedens had also not complied. In a situation such as the one presented in this case, therefore, the district court did not abuse its discretion in denying the motion to show cause.

Finally, the plaintiffs contend that the district court erred in its calculation of the amount of interest owed by the Weedens to the credit union for the use of the mortgage money over the years this dispute was being resolved. Specifically, the plaintiffs insist that no interest should be assessed for any period prior to the district court's October 31, 2000, order upon remand because our mandate in 1999 was silent as to the date from which the interest should be calculated.

■ Rue 37(b) of the Federal Rules of Appellate Procedure does state that "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." Although our opinion in *Weeden I* did not specify a date certain from which the interest amount should be calculated, our intent regarding the inter-

est to be assessed against the parties was unmistakable. We noted that "restoration [of the parties] to their original positions would constitute a fair resolution of their dispute." *Weeden* at *5. The only way in which to achieve that equitable result—a result for which the plaintiffs themselves lobbied—is to compensate both the Weedens and the credit union for the entire time the respective parties were without certain funds because of the operation of the mortgage loan agreement. Consequently, the clear implication of our prior ruling is the directive that interest be assessed from the dates on which the parties were first forced to part with their capital in order to comply with the terms of the later-rescinded contract. The district judge thus did not err in calculating the appropriate interest payments due in this matter.

## CONCLUSION

When these parties were previously before this court, the Weedens agreed to forego remedies available under the Truth–In–Lending Act and instead acquiesce in a resolution involving a return of the litigants to the positions they occupied prior to the plaintiffs' mortgage refinancing. To achieve that result, the district judge not only ordered each party to return to the other any funds transferred in reliance upon the challenged loan agreement, but also to compensate the opposing party for the lost use of that money by paying interest on the value of the funds received from the date of the transfer of the money. Such a ruling was proper and gave effect to this court's intent expressed in its prior opinion. The fact that the Weedens, while successful in their initial appeal, must now transfer more than $70,000.00 to the defendant is irrelevant to the propriety and fairness of the district court order. For almost eight years, the Weedens benefitted from the agreement of the credit union to pay off the plaintiffs' existing mortgage on their residence. Being returned to their pre-refinancing status does not alter the fact that the defendant did in fact advance the Weedens $90,000.00 for that purpose and did suffer financial hardship from not having those same funds available for another transaction during the relevant time period. It follows that the district court did not err in its order, and the judgment of that court must be AFFIRMED.