NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0880n.06
Filed: November 1, 2005

Case No. 03-4092

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,      )
       )
  Plaintiff-Appellee,      )
       )     ON APPEAL FROM THE
  v.      )     UNITED STATES DISTRICT
       )     COURT FOR THE NORTHERN
HWEI-CHEN YANG,      )     DISTRICT OF OHIO
       )
  Defendant-Appellant.      )
       )
_____    )
       )
       )

BEFORE: GUY, BATCHELDER, and GIBSON[*], Circuit Judges.

     **ALICE M. BATCHELDER, Circuit Judge.** Hwei-Chen Yang appeals her sentence following conviction for conspiracy to steal trade secrets. Because her sentence was imposed in violation of her Sixth Amendment rights, we VACATE her sentence and REMAND the case for resentencing.

     Following Yang's conviction, the district court initially sentenced her to one year's probation and a fine of $5,000. This sentence included a substantial downward departure for what the district court viewed as the victim's participation in, and manipulation of, the government's evidence. Yang appealed her conviction and sentence, and the government challenged the district court's downward departure. We affirmed Yang's conviction and, finding that the district court had abused its

_____

[*]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

discretion by departing downward, vacated Yang's sentence and remanded for resentencing. Upon resentencing, the district court, treating the United States Sentencing Guidelines as mandatory, eliminated the downward departure and sentenced Yang to twenty-four months imprisonment.

Prior to our initial remand, Yang fled the country. She failed to appear at the resentencing hearing and filed this appeal in absentia. On August 12, 2005, we held that we would dismiss Yang's appeal under the fugitive disentitlement doctrine unless she submitted to custody of the United States Marshal within thirty days of the filing date of the order. *See United States v. Yang*, 2005 Fed. App. 0702N (6th Cir. 2005). Yang voluntarily surrendered on September 12, 2005. Accordingly, we now reach the merits of her appeal.

Yang argues that the district court abused its discretion by declining to revisit the propriety of its downward departure during resentencing. When the Sixth Circuit "vacates a sentence and remands to the district court for 'resentencing,' that order is considered a general one that allows the district court to resentence the defendant *de novo*." *United States v. Helton*, 349 F.3d 294, 299 (6th Cir. 2003) (quoting *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997); *see also United States v. Hough*, 276 F.3d 884, 891 n.3 (6th Cir. 2002).

We review the district court's decision not to revisit an issue during resentencing for abuse of discretion. *United States v. Thomas*, 167 F.3d 299, 305-306 (6th Cir. 1999). We have never held that a general remand for resentencing requires a district court to revisit each issue. To the contrary, we have repeatedly held that a district court, acting in its discretion, may choose not to reconsider the entire sentencing procedure. *United States v. Rodgers*, 278 F.3d 599, 602 (6th Cir. 2002) (citing *United States v. Bond*, 171 F.3d 1047, 1048 (6th Cir. 1999)); *United States v. Hough*, 276 F.3d 884, 891 n.3 (6th Cir. 2002).

Yang asserts that the district court did not engage in resentencing *de novo* because it refused to reconsider downward departure. We disagree. The district court plainly stated during resentencing that it had authority to revisit the issue but declined to do so. Our initial opinion in this case held that the district court's original basis for downward departure was insufficient, and the court's refusal to scour the record for an alternative basis was clearly not an abuse of discretion.

Yang also challenges the district court's refusal to recalculate the amount of loss suffered by the victim. She contends that the district court relied on perjured testimony in the original sentencing hearing, a contention that she attempted to prove during resentencing. Because Yang did not take this issue up during her initial appeal, we need not consider it. Were we to reach its merits, however, we would likely conclude, for reasons stated above, that the district court did not abuse its discretion by refusing to recalculate the victim's loss.

Finally, Yang argues that her sentence violates the Sixth Amendment because the district court relied on facts not proven before a jury when enhancing her sentence under the United States Sentencing Guidelines. Because Yang did not raise an objection on Sixth Amendment grounds in the district court, we review her sentence for plain error. *United States v. Booker*, 125 S. Ct. 738, 769 (2005). A plain error has occurred when (1) there is an error, (2) the error is plain, and (3) the error affects the defendant's substantial rights. *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005). If these conditions are met, we may address the forfeited error if it seriously affects the fairness, integrity or public reputation of the proceedings. *Id.*

The district court enhanced Yang's sentence based on the amount of the victim's loss. Because the loss amount was determined by the judge rather than the jury, and because the judge treated the United States Sentencing Guidelines as mandatory, Yang's sentence violates the Sixth

3

Amendment under *Booker*. *Id*. at 378-79. Had the Guidelines not been mandatory at the time of Yang's sentencing, the district court's consideration of the loss amount or other relevant facts would have been appropriate; however, under *United States v. Oliver*, the use of judge-found facts within a mandatory Guidelines regime is an error that is plain. *Id*. Moreover, the sentence necessarily affects Yang's substantial rights. *Id*. at 379-80. A Sixth Amendment violation that results in a more severe sentence than is supported by the verdict also diminishes the reputation and integrity of the judicial system. *Id*. at 380. Based on the foregoing, we find that Yang's sentence was a clear error under *United States v. Oliver*. Accordingly, we **VACATE** the sentence and **REMAND** the case to the district court for resentencing *de novo*.