RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0144p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

          *v.*

CHRISTOPHER J. HUNTER,
               *Defendant-Appellant.*

No. 09-4085

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 06-00061-001—Thomas M. Rose, District Judge.

Argued: May 11, 2011

Decided and Filed: May 25, 2011

Before: MARTIN and MOORE, Circuit Judges; GWIN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Dennis Belli, Columbus, Ohio, for Appellant. Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Dennis Belli, Columbus, Ohio, for Appellant. Vipal J. Patel, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee.

     MARTIN, J., delivered the opinion of the court, in which MOORE, J., joined. GWIN, D. J. (pp. 7-9), delivered a separate dissenting opinion.

_____

     [*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

1

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Circuit Judge.  This is Christopher Hunter's second appeal.  In our prior opinion we reversed Hunter's conviction and sentence for violating 18 U.S.C. § 924(c)(1) because the proceedings at trial constructively amended his indictment.  However, we affirmed Hunter's other convictions and the thirty-year sentence he received for those counts.  On remand the United States agreed to not pursue the section 924(c) charge.  The district court vacated the sentence for that count by written order without allowing Hunter to personally appear or re-allocate.  Hunter appeals arguing that the district court erred by not conducting a plenary resentencing hearing.  However, because our initial opinion limited the district court to considering only Hunter's section 924(c) charge, which the United States declined to pursue, there was no sentencing to be done.  We therefore **AFFIRM**.

**I.**

This case is the subject of a prior appeal.  *See United States v. Hunter*, 558 F.3d 495 (6th Cir. 2009).  The facts of this case are laid out in greater detail in that opinion and we highlight here only those most pertinent to the resolution of this issue.

A jury convicted Hunter of possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846, possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Hunter to thirty years of imprisonment for the drug counts and felon-in-possession count.  The district court also imposed a mandatory, five-year term of imprisonment for Hunter's section 924(c) conviction.

Hunter raised a host of issues on appeal and we found that most were not meritorious.  However, we vacated his section 924(c) conviction and remanded the case

to the district court for further proceedings with respect to that charge.  Specifically, our initial remand order in this case, 558 F.3d at 508, read as follows:

> For the foregoing reasons, we REVERSE Hunter's conviction and sentence for violating 18 U.S.C. § 924(c)(1), but we AFFIRM Hunter's other convictions and sentences.  Accordingly, we REMAND for such further proceedings consistent with this opinion as are necessary.

On remand the United States informed the district court that it did not intend to proceed on the section 924(c) charge.  The district court held that our opinion limited the remand to only the section 924(c) charge and, because we vacated Hunter's conviction and the United States declined to pursue that charge, "there [was] nothing left for the Court to consider in a re-sentencing."  Therefore, in a written order, the district court left Hunter's thirty-year sentence, which this Court had affirmed, intact and vacated the consecutive five-year sentence it had imposed for the section 924(c) conviction.

## II.

Initially, we must determine the scope of our prior remand in this matter.  This court reviews the scope of a remand de novo.  *United States v. Orlando*, 363 F.3d 596, 600 (6th Cir. 2004).  Courts of appeal may order limited or general remands.  *See* 28 U.S.C. § 2106.  "A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate."  *United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008) (citation and internal quotation marks omitted).  "General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand."  *Id.* (citation omitted); *see United States v. Garcia-Robles*, – F.3d —, No. 09-1980, 2011 WL 1753303, at *5 (6th Cir. May 10, 2011).

When a court simply vacates a sentence and remands for "resentencing," or "resentencing consistent with this opinion," that will typically be a general remand.  *See, e.g.*, *Garcia-Robles*, 2011 WL 1753303, at *4; *Obi*, 542 F.3d at 154; *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997) (*Moore III*).  This Court very recently held that "upon general remand, when a sentence has been vacated on direct appeal, the

defendant is entitled to a resentencing hearing where he may exercise the right to be present and allocute as provided by Rules 32 and 43 of the Federal Rules of Criminal Procedure." *Garcia-Robles*, 2011 WL 1753303, at *4. However, by affirming Hunter's other convictions and sentences, our earlier opinion specifically limited the scope of the remand to Hunter's section 924(c) charge and the separate sentence he received on that count.

We addressed a very similar issue in *Moore III*. There, the defendant initially appealed his conviction and sentence for possession of marijuana with intent to distribute and for use of firearms in connection with drug trafficking in violation of section 924(c)(1). *United States v. Moore*, 70 F.3d 1273, No. 94-6591, 1995 WL 704162, at *1 (6th Cir. Nov. 28, 1995) (*Moore I*). We affirmed the defendant's convictions and sentences. However, we subsequently granted Moore's petition for rehearing because the Supreme Court endorsed a narrower definition of use of a firearm under section 924(c)(1) than we had applied previously. *United States v. Moore*, 76 F.3d 111, 114 (6th Cir. 1996) (*Moore II*). In light of this new authority, we vacated the defendant's section 924(c) conviction and remanded the matter to the district court to determine whether sufficient evidence supported his conviction under this section in light of the Supreme Court's then-recent decision. *Id.* However, we adhered to our previous decision in all other respects. Specifically, the remand order in that case, *id.*, stated:

> We therefore VACATE Moore's section 924c(c)(1) conviction and REMAND for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense. We adhere to our previous opinion[, which affirmed Moore's conviction and sentence for possession with the intent to distribute marijuana,] in all other respects.

On remand, the United States moved to dismiss with prejudice the defendant's section 924(c) charge. The district court granted the motion and resentenced the defendant. However, in imposing the new sentence, the district court increased the defendant's offense level by two levels for possession of firearms during the commission of a drug crime. While this enhancement was not previously applicable because the defendant had

been convicted and sentenced for violating section 924(c), now that he no longer stood convicted under that section, this enhancement could be applied. The defendant's total sentence was still less than he had initially received with the section 924(c) conviction, but the two-level enhancement resulted in the defendant receiving a sentence of eight months longer than he initially received for the drug counts. *Moore III*, 131 F.3d at 597. We reversed and remanded because the district court exceeded the scope of the remand order in *Moore II*. That order did not permit the district court to resentence the defendant on the other counts, and we instructed it to reimpose the sentence it had initially imposed on the drug counts. *Id.* at 599-600.

Similarly, our remand order in this case did not permit the district court to resentence Hunter on his underlying drug convictions. Just as we restricted the district court in *Moore II* to considering only the defendant's section 924(c) charge, our remand order in the original panel decision in this case had the same effect.[1] Although Hunter argues that he should have been present at the sentencing hearing and given the opportunity to allocute, and that the district court erred by not announcing the sentence in open court, there was no sentence to impose. The district court could not have resentenced Hunter on the other counts and imposed no sentence on the section 924(c) charge, which we vacated and the United States decided not to pursue. Therefore, the district court correctly did not conduct a plenary resentencing in this case.[2]

Additionally, while Hunter argues that a de novo resentencing is required because the district court relied on his now-vacated 924(c) conviction in imposing a sentence for the other counts, the district court's resentencing opinion explicitly repudiates that conclusion. The district court stated it did not use any "specific offense

---

[1]The dissent points out that our initial remand order in this case was not facially as restrictive as the remand order in *Moore II*. However, the dissent does not explain how the district court would have had authority to resentence Hunter after we had affirmed the sentence he received for the counts for which he was properly convicted.

[2]We do not address whether a district court would be required to conduct a plenary resentencing hearing if, for example, we affirmed a defendant's section 924(c) conviction and sentence, but remanded for resentencing on the other counts for which he or she was convicted. In that situation, even though the mandate would be "limited," under *Garcia-Robles* it may be necessary to conduct a de novo sentencing hearing on the particular counts that were remanded without limitation for resentencing.

characteristics nor any enhancements nor adjustments of any sort relating to possession or use of a gun . . . in computing [Hunter's] sentence."

The district court remarked that it still considers "possession of a weapon while in a drug transaction serious," but that is not inconsistent with our decision to vacate Hunter's section 924(c) convictions.  We vacated those convictions because of errors in the indictment and jury instructions.   However, the evidence shows that Hunter possessed a gun at various points in connection with his drug dealing.  Even though a procedural defect led us to vacate Hunter's section 924(c) conviction, the district court was still within its discretion to consider Hunter's gun possession when imposing a sentence for the other counts.

## III.

Our initial remand order limited the district court to considering only Hunter's section 924(c) convictions and it properly did not resentence Hunter on the other counts for which he was convicted.  Therefore, we **AFFIRM** the judgment.

————————————

**DISSENT**

————————————

GWIN, District Judge, dissenting.  The majority concludes that "by affirming Hunter's other convictions and sentences, our earlier opinion specifically limited the scope of the remand to Hunter's section 924(c) charge and the separate sentence he received on that count."  Maj. Op. at 4.  Although a close call, and although the district court could reasonably believe we had limited the remand to the 924(c)(1) charge, I find no sufficiently specific limitation in our initial remand order.  Because I believe our initial remand order was therefore a general remand, I respectfully dissent.

Under 28 U.S.C. § 2106, we may issue either a limited or general remand to the district courts.  *United States v. Moore* (*Moore III*), 131 F.3d 595, 597 (6th Cir. 1997).  This Court has consistently held that to issue a limited remand, courts of appeal must "sufficiently outline the procedure the district court is to follow.  The chain of intended events should be articulated with particularity."  *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999); *see also United States v. Garcia-Robles*, --- F.3d ----, No. 09-1980, 2011 WL 1753303, at *5 (6th Cir. May 10, 2011).  On sentencing matters in particular, we have instructed that "in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge's or parties' minds as to the scope of the remand.  The language used to limit the remand should be, in effect, unmistakable."  *Campbell*, 168 F.3d at 268; *see also United States v. Gibbs*, 626 F.3d 344, 350-51 (6th Cir. 2010) (same).

Our initial remand order here vacated Hunter's 18 U.S.C. § 924(c)(1) conviction and sentence, and it affirmed his other convictions and sentences.  *United States v. Hunter*, 558 F.3d 495, 499 (6th Cir. 2009).  But it also closed with general boilerplate language remanding "for such further proceedings consistent with this opinion as are necessary."  *Id.*  Even when read in the context of our entire opinion, I do not find that this language articulates a limiting framework in the "unmistakable" terms necessary to

conclude, as the majority does, that the remand was a limited one.[1] *See Gibbs*, 626 F.3d at 350-51 (finding a general remand where, "although we identified a discrete sentencing issue that required remand, our opinion did not articulate a framework for the proceedings on remand or otherwise limit the district court's inquiry to that issue in unmistakeable terms."). Because our initial remand order was ambiguous as to its intended scope, it is presumptively a general remand. *See Garcia-Robles*, 2011 WL 1753303, at *5 ("Accordingly, when no express limitations are given, a remand is presumed to be general." (citing *Moore III*, 131 F.3d at 598))*; see also Campbell*, 168 F.3d at 268 (same).

Moreover, this Court's recent holding in *United States v. Garcia-Robles* dictates that where, as I believe is the case here, a defendant's sentence is vacated on direct appeal and a general remand order is issued, the defendant has a right to be present and reallocute at resentencing. 2011 WL 1753303, at *4, *5. Despite his request, Hunter did not receive the right to address the district court before resentencing, for whatever effect it might have had. The Supreme Court has held that district courts may consider post-sentencing rehabilitation in support of a downward variance from the advisory Federal Sentencing Guidelines range. *United States v. Pepper*, --- U.S. ----, 131 S. Ct. 1229, 1241 (2011). Similarly, as the *Pepper* Court noted, district courts may consider postsentencing conduct that supports a higher sentence at resentencing. *Id.* at 1229 (citing *Wasman v. United States*, 468 U.S. 559, 572 (1984)).

The district court stated that it did not rely on Hunter's § 924(c)(1) conviction when sentencing him on any other counts and that the absence of the § 924(c)(1) conviction would not alter those other sentences. With the dismissal of the § 924(c)(1)

---

[1]The majority relies on *Moore III* to support its conclusion that our initial remand here was a limited one. After vacating and remanding the defendant's § 924(c)(1) conviction in that case, we faced a similar challenge to the scope of our remand. As the majority correctly explains, we found that the district court had exceeded the scope of the remand order in *United States v. Moore* (*Moore II*), 76 F.3d 111 (6th Cir. 1996), which did not permit the district court to resentence the defendant on anything other than the § 924(c)(1) conviction. In that case, however, we issued a remand order that *did* specifically limit the scope of remand: "We . . . REMAND for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense." *Moore II*, 76 F.3d at 114. We did not set forth similar guidance for the district court's proceedings on remand here.

count and given what I believe was a general remand, I believe the district court should consider Hunter's statements but would also be free to consider a correctly calculated Guidelines recommended range.[2]  Here, there is no indication that the district court considered any post-sentencing factors relevant to a downward variance or an increased sentence, which the parties may have presented at de novo resentencing, in reaching this conclusion.

Because I find the language of our initial remand order insufficient to create a limited remand, and because our general remand accordingly granted Hunter the right to reallocute at resentencing, I would remand for de novo resentencing.

---

[2]Because of the § 924(c)(1) conviction, the District Court had not originally determined whether Hunter should receive a two level increase in his Guidelines calculation under U.S.S.G. § 2D1.1.