NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0499n.06

No. 11-1572

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 15, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff-Appellee,        )
                                )
v.                              )   ON APPEAL FROM THE UNITED
                                )   STATES DISTRICT COURT FOR
                                )   THE EASTERN DISTRICT OF
RICHARD BURLEY,                 )   MICHIGAN
                                )
    Defendant-Appellant.       )

---

Before: SILER and KETHLEDGE, Circuit Judges; GRAHAM, District Judge.[*]

**PER CURIAM**. Richard Burley appeals his sentence because the district court refused to consider issues on remand that we refused to consider in his appeal. Burley argues that our order was a general remand and required the district court to conduct a plenary resentencing. For the following reasons, we affirm his sentence.

I.

In 2005, Burley pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371 and 1344. The district court sentenced him to 92 months and this court affirmed his sentence. *United States v. Burley*, 241 F. App'x 290 (6th Cir. 2007).

---

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

Subsequently, Burley filed a 28 U.S.C. § 2255 petition to vacate his sentence due to ineffective assistance of counsel at sentencing. After the district court denied his petition, we granted a certificate of appealability (COA) "on the issue of whether Burley's counsel rendered constitutionally ineffective assistance by failing to object to the use of Burley's 2001 state uttering and publishing conviction in calculating his criminal history category." *Burley v. United States*, No. 09-1299, Order at 1-2 (6th Cir. Mar. 24, 2010). We later held "that the conduct underlying Burley's state conviction was 'part of' his bank fraud offense and should not have been treated as a 'prior sentence'" in calculating his criminal history and that he was "entitled to relief on his ineffective assistance of counsel claim." *Burley*, No. 09-1299, Order at 4-5 (6th Cir. Dec. 21, 2010) (citations omitted).

In his § 2255 brief, Burley also argued "that his counsel was ineffective for failing to properly pursue other sentencing issues." *Id.* at 2. But "[b]ecause our review [was] limited to the issues specified in the [COA], we [did] not consider these additional claims." *Id.* (citing *Dunham v. United States*, 486 F.3d 931, 934-35 (6th Cir. 2007)).

Prior to resentencing, Burley filed objections to his presentence report to raise the issues that we declined to consider in his § 2255 petition. The district court ruled that it would consider Burley's other arguments only if we granted another § 2255 petition on those issues.

After the district court adjusted his criminal history and considered the factors that should lead to an appropriate sentence, including the progress of Burley's rehabilitation, it reduced his sentence to 87 months. *Id.* Burley appealed, arguing that the district court misunderstood our order when it failed to conduct a plenary resentencing.

II.

"This court reviews the scope of a remand de novo." *United States v. Hunter*, 646 F.3d 372, 374 (6th Cir. 2011) (citation omitted). Courts of appeal order limited or general remands. *Id*.

> A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate. General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand.
>
> When a court simply vacates a sentence and remands for "resentencing," or "resentencing consistent with this opinion," that will typically be a general remand.

*Id*. (citations and quotation marks omitted).

The *Hunter* defendant, as here, raised many issues on appeal. *Id*. But we vacated only one charge against him "and remanded the case to the district court for further proceedings with respect to that charge." *Id*. Specifically, our remand order stated: "For the foregoing reasons, we REVERSE [the] conviction and sentence for violating [a statute], but we AFFIRM [his] other convictions and sentences. Accordingly, we REMAND for such further proceedings consistent with this opinion as are necessary." *Id*.

Hunter argued that our remand directed the district court to conduct a plenary resentencing hearing. *Id*. The district court, as here, disagreed because our order was limited to a single issue. *Id*. We affirmed the district court's decision because it was a limited remand. *Id*. at 376.

Here, the conclusion of our order stated: "Because Burley has made a strong showing that he is entitled to relief on his ineffective assistance of counsel claim, we vacate the district court's decision and remand the case for further proceedings in accordance with this opinion." *Burley*, No. 09-1299, Order at 5 (6th Cir. Dec. 21, 2010) (citation omitted). This is general wording, but we had

already explicitly stated earlier in the order that we were only considering the issue in the COA, *id*.

at 2, thus limiting the remand to the district court.  Just as in *Hunter*, the district court correctly

interpreted our order and limited Burley's resentencing to the issue presented in the COA.

AFFIRMED.