UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven Bruce SMITH, Defendant–Appellant.

No. 00–5370.

United States Court of Appeals,
Sixth Circuit.

Oct. 4, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

PER CURIAM.

Defendant-appellant Steven Smith (hereinafter "Smith") appeals his conviction and sentence following a guilty plea to forcible assault on a federal officer, possession of a firearm during a crime of violence, and possession of a firearm by a convicted felon. Smith raises three issues on appeal: (1) whether the district court erred by exceeding the scope of remand issued by this Court in *United States v. Smith*, 196 F.3d 676 (6th Cir.1999) ("*Smith I*"); (2) whether the district court erred by increasing from 2 levels to 4 levels the upward departure permitted by United States Sentencing Guidelines ("USSG") § 5K2.6; and (3) whether the district court engaged in vindictive sentencing after the remand. For the reasons set forth below, we AFFIRM the district court's judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

In *Smith I*, we discussed in detail the facts which led to Smith's June 30, 1998 sentence stemming from the intentional shooting of a federal officer who was searching his hotel room. *Smith I*, 196 F.3d at 678–80. We find this earlier discussion to be adequate and we will not recount the facts as stated in that opinion. Instead, we will address only the procedural history that gives rise to the current appeal.

At issue in *Smith I* was whether the district court impermissibly "double counted" when it sentenced Smith to 248 months in prison. *Id.* at 679. We agreed with Smith and held that the district court had indeed double counted. We found that the district court had punished Smith two times—once by increasing his base offense level by 4 pursuant to USSG § 2K2.1(b)(5) and again by sentencing him for 60 months for violating 18 U.S.C. § 924(c)—for the use or possession of a firearm in connection with a felony or crime of violence. Because of this Circuit's consistent policy against duplicating punishments for the same behavior when not required to do so, we held that the district court erred by punishing Smith both under § 2K2.1(b)(5) and § 924(c). *Smith I*, 196 F.3d at 681 (citing *United States v. Romano*, 970 F.2d 164, 167 (6th Cir.1992)). Furthermore, because the 60–month sentence pursuant to § 924(c) was mandatory, we held that § 2K2.1(b)(5)'s 4–level increase be struck down and that the

60–month sentence remain. We concluded that: "... we VACATE Smith's sentence and remand to the district court with instructions to resentence Smith without applying the specific offense characteristic listed in USSG § 2K2.1(b)(5). We AFFIRM the sentence in all other respects." *Smith I*, 196 F.3d at 687.

On remand, the district court resentenced Smith to 228 months in prison. (Joint Appendix ("J.A.") at 38.) To arrive at this sentence, the district court struck down § 2K2.1(b)(5)'s 4–level increase, as instructed in *Smith I*. However, instead of merely subtracting the 4 levels from its original sentence level of 31, the district court reevaluated Smith's sentence in its entirety. (J.A. at 86.) The district court on remand resentenced Smith under § 2A2.1 "Assault with Intent to Commit Murder" rather than § 2K2.1 "Firearms," the section under which the district court had sentenced him originally and under which we had issued our remand order in *Smith I*. (J.A. at 81.) Smith's base offense level under § 2A2.1(a)(2) was 22. The court increased this base level to 24 by applying a specific offense characteristic listed in § 2A2.1(b)(1)(B): "if the victim sustained serious bodily injury, increase by 2 levels." USSG § 2A2.1(b)(1)(B) (1997).

The district court then departed upward from the offense level of 24 by 4 levels on the basis of Smith's discharge of a firearm (§ 5K2.6), and again by 2 levels for his criminal purpose (§ 5K2.9), to arrive at a final level of 30. (J.A. at 79.) Smith correctly notes on this appeal that the district court's 4–level upward departure pursuant to § 5K2.6 on resentence was greater than the court's 2–level departure in its original sentence. The guideline range for the offense level of 30 was 135 to 168 months. (J.A. at 81.) The district court imposed 168 months, then added the mandatory § 924(c) 60–month sentence to arrive at the final 228–month sentence.

Smith now appeals the district court's 228–month sentence. We address each of his three arguments.

## II. ANALYSIS

### A. *Smith I*'s Scope of Remand

Smith argues that the district court in this case violated the mandate rule by exceeding the scope of our remand in *Smith I* when it reevaluated his sentence in its entirety and resentenced him under the § 2A2.1 "Assault with Intent to Commit Murder" provision rather than the § 2K2.1 "Firearms" provision, under which Smith was originally sentenced. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994) (holding that under the mandate rule, district courts are required to adhere to the commands of an appellate court on remand). Smith also asserts that the district court exceeded the scope of our remand by increasing the upward departure for § 5K2.6 from 2 levels to 4 levels. In support of these two claims of district court error, Smith contends that the *Smith I* remand was limited to the issue of striking down the district court's application of § 2K2.1(b)(5). He argues that the effect of the limited remand was to restrict the district court's consideration of any issue other than whether it should strike down § 2K2.1(b)(5). Therefore, Smith argues that by reevaluating (1) his sentence under § 2A2.1 rather than staying within § 2K2.1; and (2) the upward departure of § 5K2.6, the district court overstepped the boundaries of authority granted by the *Smith I* remand.

The government argues that our order in *Smith I* was a general remand accompanied by a specific instruction not to apply the offense characteristic listed in § 2K2.1(b)(5). Under this interpretation, the district court would be entitled to reevaluate the calculus of Smith's sentence in its entirety as long as it subtracted

§ 2K2.1(b)(5)'s 4–level enhancement. Because the district court did indeed disregard § 2K2.1(b)(5) for Smith's resentence, the government asserts that the district court acted within the permissible bounds of its authority when it reevaluated Smith's sentence under § 2A2.1 and when it reevaluated the upward departure of § 5K2.6. Hence, the government contends that the district court did not violate the mandate rule. The government therefore requests that we affirm the district court's decision to resentence Smith to 228 months.

 The issue that we face is whether the order in *Smith I* was a limited remand or a general remand accompanied by a specific instruction not to apply § 2K2.1(b)(5). The order at issue is: "... we VACATE Smith's sentence and remand to the district court with instructions to resentence Smith without applying the specific offense characteristic listed in USSG § 2K2.1(b)(5). We AFFIRM the sentence in all other respects." *Smith I,* 196 F.3d at 687. The interpretation of an appellate mandate is a legal issue which we review de novo. *United States v. Moore,* 131 F.3d 595, 598 (6th Cir.1997) ("*Moore III*").

 In comparing general remands with limited remands, we have held that a "general remand allows the district court to resentence the defendant de novo, which means that the district court may redo the entire sentencing process including considering new evidence and issues ... [whereas] a limited remand constrains the district court's resentencing authority to the issue or issues remanded." *Id.* at 597–98. We have also held that:

> [T]o impose a limited remand, an appellate court must sufficiently outline the procedure the district court is to follow. *The chain of intended events should be articulated with particularity.* With sentencing issues ... [appellate] court[s]

should leave no doubt in the district judge's or parties' minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakeable.

*United States v. Campbell,* 168 F.3d 263, 268 (6th Cir.1999) (emphasis added). If the appellate court fails to articulate sufficiently the procedure that the district court is to follow, "the remand order is presumptively a general one." *Moore III,* 131 F.3d at 598. The policy underlying the presumption of de novo resentencing "is to give the district judge discretion to consider and balance all of the competing elements of the sentencing calculus." *Campbell,* 168 F.3d at 266.

Applying these considerations to the facts of the instant case, we adopt the government's view that *Smith I* was a general remand accompanied by a specific instruction not to apply § 2K2.1(b)(5). The district court followed our order and did not consider § 2K2.1(b)(5) in arriving at Smith's resentence. However, disregarding § 2K2.1(b)(5) was not simply a matter of subtracting 4 levels from the original sentence's final offense level. Instead, removing that provision altered the entire calculus of Smith's prison term on resentence. By subtracting § 2K2.1(b)(5)'s 4–level enhancement from the original sentence, the district court concluded that applying § 2K2.1 would yield a lower total offense level than § 2A2.1. Because § 3D1.3(a) instructs the sentencing court to apply the guideline that results in the highest offense level, the district court properly resentenced Smith under § 2A2.1 rather than under § 2K2.1. Our order in *Smith I* did not preclude the district court from evaluating and resentencing Smith under § 2A2.1; rather, it merely instructed the district court to "resentence Smith without applying the specific offense characteristic listed in USSG § 2K2.1(b)(5)." *Smith,* 196 F.3d

at 687. This language did not "articulate with particularity" the requirement that the district court restrict its analysis on remand to § 2K2.1. *Campbell*, 163 F.3d at 268. We conclude that the *Smith I* order reflected an intent to grant the district court discretion in evaluating how the § 2K2.1(b)(5) omission would affect Smith's overall sentence. Hence, we hold that *Smith I* was a general remand accompanied by a specific instruction to disregard § 2K2.1(b)(5).

Under the same line of reasoning, we hold that the district court did not err in reevaluating the upward departure for § 5K2.6. Our order in *Smith I* did not "articulate with particularity" the requirement that the district court was bound to accept the original sentence's 2–level upward departure for § 5K2.6. *Campbell*, 163 F.3d at 268. Because we did not specifically instruct the district court to accept the original 2–level upward departure, we conclude that the district court had discretion to engage in de novo application of § 5K2.6. *Moore III*, 131 F.3d at 597.

■ Our holding today is consistent with this Court's view that appellate courts should be reluctant to declare a remand as limited when in the context of Sentencing Guidelines cases. We have recognized that:

> Calculation of a sentence under the Sentencing Guidelines requires a balancing of many related variables ... [which] do not always become fixed independently of one another. Therefore, *the delicate balancing that occurs in the sentencing process in light of the complexity of the Sentencing Guidelines leads [us] to believe that limited remands are less likely to be desirable or effective when multiple issues require consideration.*

*Campbell*, 168 F.3d at 268 (emphasis added).

Lastly, we reject Smith's comparison with the *Smith I* order and the order in *United States v. Moore*, 76 F.3d 111 (6th Cir.1996) ("*Moore II*"), which we held to be a limited remand. The *Moore II* order read:

> ... [We] VACATE Moore's § 924(c)(1) conviction and REMAND for further proceedings, in which both parties can have the *opportunity to focus on the facts and law relevant to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense.* We adhere to our previous opinion in all other respects.

*Moore II*, 76 F.3d at 114 (emphasis added). In *Moore III*, we reviewed this order and concluded that as a limited remand, the order "specifically limited the scope of remand to a consideration of whether the evidence supported Moore's § 924(c) conviction." *Moore III*, 131 F.3d at 599. Smith argues that the language of the *Smith I* and *Moore II* orders are similar, and that since we held *Moore II* to be a limited remand, we should hold likewise for the *Smith I* order. We find the language in *Smith I* to be distinguishable from that in *Moore II* and, as such, we are not bound to conclude that *Smith I* was a limited remand. The *Moore II* order articulated with particularity that the issue to be addressed on remand was whether Moore "used or carried a firearm during and in relation to his drug trafficking offense." *Moore II*, 76 F.3d at 114. In contrast with this specific instruction, the *Smith I* remand gave the district court authority to "resentence Smith without applying ... § 2K2.1(b)(5)." *Smith I*, 196 F.3d 687. We interpret the phrase "resentence Smith" as having given the district court de novo review of Appellant's sentence, so long as it followed the specific instruction not to apply § 2K2.1(b)(5). This interpretation stems from our view that "where an appellate court simply vacates a sentence and remands to the district court for 'resentencing,' that order is

considered a general one that allows the district court to resentence the defendant de novo." *Moore III,* 131 F.3d at 598. Because the *Moore II* order did not give the district court broad authority to "resentence Moore," we conclude that the language in that order and the *Smith I* order are materially different. Hence, we reject Appellant's argument that *Smith I* was a limited remand.

B. The District Court's Decision to Increase the Upward Departure For § 5K2.6 From 2 Levels to 4 Levels

In its original sentence, the district court exercised its discretion pursuant to USSG § 5K2.6 (discharge of firearms) to increase Smith's offense level by 2. On remand, the district court increased the upward departure pursuant to § 5K2.6 from 2 levels to 4. Smith argues that this increase was improper because the district court's decision was motivated by a desire to bring the offense level on resentence to approximately the same level as it was in the original sentence (31). Because this motive is an impermissible basis on which to depart upward from the sentencing guidelines, Smith requests that we strike down the district court's 4-level departure.

Section 5K2.6, subtitled "Weapons and Dangerous Instrumentalities," states:

If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.

USSG § 5K2.6 (1997).

■ We review a district court's departure from the Sentencing Guidelines for abuse of discretion. *United States v. Levy,* 250 F.3d 1015, 1017 (6th Cir.2001). To affirm, we must find that: (1) there was a permissible basis for the district court's departure; and (2) the degree of departure was reasonable. *United States v. Crouse,* 145 F.3d 786, 789 (6th Cir.1998). We hold that the district court did not abuse its discretion when it decided to depart upwards by 4 levels pursuant to § 5K2.6 on remand. The district court's resentence should therefore be affirmed.

■ First, we find that there was indeed a permissible basis for the district court's 4-level upward departure. The permissible basis prong has its origin in 18 U.S.C. § 3553(c)(2), which requires that if a sentence is "outside the range ... [of the Sentencing Guidelines, the court shall state] ... the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2) (1996). Upon reviewing the transcript of the district court's second sentencing hearing, we conclude that the court did specify a permissible basis for departing from the Sentencing Guidelines by 4 levels pursuant to § 5K2.6. Alluding to findings from its original sentence, the district court stated that:

[Appellant's] use of that firearm was such that it was certainly through no conduct on the part of [Appellant] other than his ... not being an extremely good shot that Officer Hoing was not killed. There is nothing about this conduct that suggests an intent to impose a lesser harm. In fact, all the circumstances concerning the use of the weapon suggest that this is a basis for an upward departure.

(J.A. at 77.) The court's decision to depart upward was not merely a product of a desire to reinstate its original sentence, as Smith suggests. Rather, the court's decision was based on a determination of Smith's clear intent to kill. Such an ag-

gravating circumstance is, according to § 5K2.0, a permissible basis upon which a district court may use its discretion to depart from the Sentencing Guidelines. *See* USSG § 5K2.0 (1997) (stating that "the sentencing court may impose a sentence outside the range . . . if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described' ") (quoting 18 U.S.C. § 3553(b)).

Second, we find that an upward departure of 4 levels was reasonable. "The reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing." *Crouse*, 145 F.3d at 789 (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)). In determining reasonableness, the 4–level upward departure must be evaluated independently from the district court's decision to impose a 2–level departure for § 5K2.6 in its original sentence. We held earlier that *Smith I* was a general remand, which thus entitled the district court to engage in de novo application of § 5K2.6. Therefore, we find no merit in Smith's arguments that the 4–level upward departure was unreasonable when compared to its earlier 2–level departure. As long as the court had a reasonable basis for imposing the 4–level departure, we must find that the district court did not abuse its discretion, despite the court's original decision to depart only 2 levels.

We conclude that the district court did have a reasonable basis on which to depart 4 levels for § 5K2.6. Although a 4–level upward departure is significant, we believe that this increase is not excessive, in light of § 5K2.6's discussion that "the discharge of a firearm might warrant a *substantial sentence increase.*" USSG § 5K2.6 (emphasis added). The court concluded that a 4–level increase was more than justified considering that Smith had fired his gun in a manner which manifested clear intent to kill Officer Hoing, and that the officer would have indeed been killed other than for Smith's failure of "being an extremely good shot." (J.A. at 77.) We defer to the district court's determination of facts and, given Smith's intent to kill and § 5K2.6's allowance of a "substantial sentence increase," we hold that the 4–level departure was reasonable.

For these reasons, we affirm the district court's ruling and hold that the court did not abuse its discretion in imposing a 4–level upward departure for § 5K2.6 on remand.

## C. Vindictive Sentencing

Smith argues that the district court violated his constitutional due process rights by engaging in vindictive sentencing on remand. Smith characterizes the district court's decision on remand to increase his upward departure from 2 levels to 4 pursuant to § 5K2.6 as a vindictive act in response to Smith's successful appeal of his original sentence. The government, in response, argues that a constitutional challenge on the grounds of vindictive sentencing cannot be maintained where the resentence term was shorter than the original sentence. Since the district court resentenced Smith to 228 months, as opposed to 248 in its original sentence, the government requests that we reject Smith's argument. Furthermore, the government argues because the court had a permissible basis upon which to depart upward by 4 levels, its decision could not have been a vindictive act in response to Smith's successful appeal of his original sentence.

Constitutional challenges to sentences are questions of law, and thus, we review de novo the issue of vindictive sen-

tencing. *United States v. Jackson,* 181 F.3d 740, 743 (6th Cir.1999).

 We have held that if: (1) a more severe sentence is given on remand; and (2) the defendant is merely resentenced and not retried on remand, then there will be a presumption that the district court engaged in vindictive sentencing. *Id.* at 744. The presumption may be overcome by objective information which would justify the increased sentence. *Id.* But where the presumption does not apply, the appellant must make an affirmative showing of actual vindictiveness. *Id.*

Because the resentence term was shorter than the original sentence, we hold that the presumption of vindictive sentencing does not apply. We reject Smith's argument that the presumption should apply when there is a more severe sentence given on remand for individual counts of the overall offense (in this case, the more severe departure pursuant to § 5K2.6), even if the resentence term as a whole is shorter than the original sentence. Our past decisions have only compared the total resentence term with the total original sentence in determining whether the presumption for vindictive sentencing applied. *See, e.g., Jackson,* 181 F.3d at 744; *see also United States v. Bond,* 171 F.3d 1047 (6th Cir.1999); *Pasquarille v. United States,* 130 F.3d 1220 (6th Cir.1997). Therefore, we will not presume that the district court engaged in vindictive sentencing when it resentenced Smith to 228 months.

We also hold that Smith has failed to prove actual vindictiveness. As we discussed in the preceding section, the district court had a permissible basis in deciding to increase the upward departure for § 5K2.6 from 2 levels to 4, and this increase was reasonable. Because of this earlier conclusion, we do not consider the court's increase as being motivated by a desire to punish Smith for successfully pursuing an appeal. The court's decision was based on a careful consideration of the facts and circumstances surrounding the crime and its finding that a 4–level upward departure was the proper punishment in light of the language of § 5K2.6 and the fact that Smith had clearly intended to kill the officer.

For these reasons, we hold that the district court on remand did not violate Smith's constitutional due process rights by engaging in vindictive sentencing.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM the judgment of the Honorable Julia Smith Gibbons of the United States District Court for the Western District of Tennessee, Western Division.