**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0124n.06
Filed: November 23, 2004

**No. 03-5269**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MIGUEL ANGEL ALCANTARA, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Appellant. | ) | |
| _____ | ) | |

**Before: KRUPANSKY,** [*] **GILMAN, Circuit Judges, and MAYS, District Judge.** [**]

**KRUPANSKY, Circuit Judge**: Defendant-Appellant, Miguel Angel Alcantara ("Alcantara"), has

challenged the district court's determination of its own limited jurisdiction when Judge Collier's

judgment was vacated and remanded for recalculation of defendant's guideline sentence. Judge

Collier construed his mandate as a limited remand leaving the district court without jurisdiction to

consider defendant's motion and possibly confer relief. Alcantara introduced a new sentencing

issue, sought a downward departure, and now urges this court to recognize the appellate mandate

as a general remand. Because this court deployed limiting language in its remand for resentencing,

---

[*]This decision was concurred in by The Honorable Robert B. Krupansky before his untimely death on November 8, 2004.

[**]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

the district court did not err in concluding it lacked jurisdiction to consider defendant's motion for a downward departure predicated on new issues and new evidence.

In a four-count Indictment the government charged appellant Alcantara with firearms violations. Counts one and three charged Alcantara with making false and fictitious written statements to a licensed firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a). Counts two and four of the Indictment charged Alcantara with felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Alcantara waived his right to a jury trial and entered a plea of guilty to each count on the Indictment.

The United States Probation Office prepared a presentence report ("PSR") recommending a sentencing guideline range of between 188 and 235 months for Alcantara. In arriving at this result the probation officer relied upon Alcantara's two prior convictions for attempted aggravated sexual battery and one prior conviction for sexual battery as predicate offenses triggering Armed Career Criminal status. Additionally, the probation officer placed Alcantara in Criminal History Category VI, pursuant to U.S.S.G. § 4B1.4(c)(2).

Taking the PSR under advisement, the district court instead found Alcantara's applicable sentencing guideline range between 70 and 87 months. The court reviewed Alcantara's three 1995 felony convictions, one for sexual battery, and two for attempted aggravated sexual battery and arrived at two conclusions pertinent to the instant appeal.[1] First, the district court determined that

---

[1]Alcantara also had a prior conviction, in 1996, for introduction of drugs into jail, which did fall into the category of a crime of violence or a controlled substance offense. The categorization of this conviction was uncontested on appeal and factored in the calculus for the district court's determination of a base offense level of 20 under U.S.S.G 2K2.1(a)(4) (requiring that "the defendant

the three convictions resulted from a single criminal episode and consequently, Alcantara did not have the requisite three prior felony convictions necessary to be sentenced as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e). Second, the district court found that Alcantara's sexual battery convictions did not meet the definition of a crime of violence for purposes of U.S.S.G. §§ 2K2.1 and 4B1.2. Accordingly, the district court imposed a base offense level of 20 for Alcantara's sentencing, pursuant to U.S.S.G. § 2K2.1(a)(4), which yielded a sentencing guideline range of between 70 and 87 months. The district court imposed a sentence of 87 months imprisonment.

On appeal, the government challenged the district court's conclusion that Alcantara's three prior sexual battery offenses comprised only a single episode under U.S.S.G. § 4B1.4(b)(3)(A), and its determination that the convictions did not fall within the ambit of a crime of violence, pursuant to U.S.S.G. §§ 2K2.1 and 4B1.1. In *United States v. Miguel Angel Alcantara*, No. 01-5554, 2002 WL 1832572 (6th Cir. Aug. 8, 2002), this court affirmed the district court's treatment of the multiple sexual battery offenses as a single episode, but reversed the lower court's treatment of the convictions as unavailable for consideration as crimes of violence, pursuant to the authority of an intervening decision in *United States v. Campbell*, 256 F.3d 381 (6th Cir.), *cert. denied*, 122 S.Ct. 572 (2001). As a result, this court remanded the instant matter to the district court with the directions that,

> [b]ecause Alcantara clearly satisfies the prerequisite enhancement requirements of
> U.S.S.G. § 2K2.1(a)(2), whether his prior sexual battery-related convictions are
> counted as a single conviction or multiple convictions (i.e., two prior convictions, the

---

had one prior felony conviction of either a crime of violence or a controlled substance abuse offense").

prior sexual assault conviction and the drug conviction), it would appear that Alcantara warrants an enhanced offense level of 24 pursuant to that guideline. Therefore, the district court's judgment must be vacated and remanded for resentencing as indicated.

Accordingly, the district court's judgment is affirmed in part and vacated and remanded in part for recalculation of Alcantara's guideline sentence.

*United States v Miguel Angel Alcantara*, 2001 WL 183272 at 4.

Upon remand, Alcantara filed a motion for a downward departure based on the disparity in sentencing between citizen and non-citizen defendants in firearms cases, citing *United States v. Ebolum*, 72 F.3d 35 (6th Cir. 1995).[2] The district court conducted a resentencing hearing during which Alcantara maintained, as he does in this appeal, that the mandate from this court was a general remand accompanied by a specific instruction to apply offense level 24 as the base from which to recalculate Alcantara's sentence. The government did not oppose Alcantara's motion for a downward departure.

Reviewing the mandate from this court, the district court concluded the language and context of the remand limited its jurisdiction in resentencing to only include correcting Alcantara's base offense level to reflect that his sexual battery convictions amounted to a crime of violence. As Judge Collier opined, "I don't believe the Court is in a position to hear any motions or any objections to anything other than the limits of what the Sixth Circuit sent the case back down for the Court to do."

---

[2]Alcantara maintained that as a Cuban national he was likely to serve a substantially longer period of imprisonment than do other foreign nationals because the absence of a treaty with the Republic of Cuba placed the incarcerated Cuban nationals in a "state of limbo." Additionally, as a Cuban national, Alcantara maintained that he was denied certain benefits which affect his sentencing classification, such as boot camp, community service, and drug programs.

The specific language of this court's remand, in which the district court was directed to resentence

Alcantara "as indicated," convinced Judge Collier that:

> The Court's last judgment was a final judgment. So that kicks in the final judgment rule. And the circuit court affirmed all parts of that final judgment with just one exception. I think, that being the case, that all the Court's prior decisions are final and cannot be challenged on appeal. And I think that also means that anything that could have been brought up that was not brought up cannot be brought up after the final judgment has been entered.

Accordingly, following the dictates of the limited remand, the district court reset Alcantara's

base level offense to 24. A four-level enhancement for firearm possession and a three-level

downward departure for acceptance of responsibility placed Alcantara in a guideline range of

between 100 to 124 months imprisonment. The district court resentenced Alcantara to a term of 60

months on counts one and three and a term of 100 months on counts two and four, with the terms

to run concurrently. Alcantara timely filed this appeal.

This court reviews *de novo* the question of whether a remand is limited or general. *United*

*States v. O'Dell*, 320 F.3d 674, 679 (6th Cir.2003) (*citing United States v. Moore*, 131 F.3d 595, 598

(6th Cir.1997).

This court recognizes the mandate rule as comprised of two independently operating

constraints, one of limited remand and one of issue waiver, that serve to prohibit review. *See United*

*States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003). The Sixth Circuit observed the twin nature of

this rule in *O'Dell*:

> The mandate rule "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the

district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.

*Id.* at 679 (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)).

A limited remand is one that plainly limits the "scope of the district court's review." *United States v. Campbell*, 168 F.3d at 267. In the province of a limited remand, "the mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *Campbell*, 168 F.3d at 265. *See also United States v. O'Dell*, 320 F.3d at 679 (observing that "[t]he basic tenet of the limited remand component of the mandate rule is that 'a district court is bound to the scope of the remand issued by the court of appeals.'") (*quoting Campbell*, 168 F.3d at 265); *U.S. v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004) (money laundering calculation one of limited remand). In the context of a criminal appeal, a general remand means that the district court is free to "redo the entire sentencing process including considering new evidence and issues." *United States v. Moore*, 131 F.3d at 597.

Appellate courts have the authority to grant either general or limited remands, pursuant to 28 U.S.C. § 2106.[3] *Moore*, 131 F.3d at 597. A general remand enables the district court to resentence a defendant *de novo*, while a limited remand constrains the district court's authority "to the issue or issues remanded." *Id.* (*citing United States v. Hebeka*, 89 F.3d 279, 284 (6th Cir.1996)). To constitute a limited remand, the appellate court "must convey clearly [its] intent to limit the scope

---

[3]28 U.S.C. § 2106 states: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the case and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

of the district court's review." *Campbell*, 168 F.3d at 267.  The appellate court may articulate the limiting language defining the scope of  the mandate "anywhere in an opinion or order, including a designated paragraph or section, or certain key identifiable language." *Id.* at 267.  As this court observed in *Campbell*, and later reiterated in *O'Dell*,

> to impose a limited remand, an appellate court must sufficiently outline the procedure the district court is to follow.  The chain of intended events should be articulated with particularity.  With sentencing issues, in light of the general principle of de novo consideration at resentencing, this court should leave no doubt in the district judge's or parties' minds as the scope of the remand.  The language used to limit the remand should be, in effect unmistakable.

*Campbell*, 168 F.3d at 268; *O'Dell*, 320 F.3d 679.  Additionally, the court must consider the conditions accompanying the remand for, as this court noted in *Moore*, "[t]he trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."  *Moore*, 131 F.3d at 599 (*quoting United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)).

A review of the record in the present case indicates that Judge Collier received a limited remand from this court.  In *United States v. Miguel Angel Alcantara*, No. 01-5554, 2002 WL 1832572, this court specifically directed the district court to apply U.S.S.G. § 22.1(a)(2) [offense level of 24], rather than U.S.S.G. § 22.1(a)(4) [offense level 20], after concluding that Alcantara's sexual battery convictions amounted to crimes of violence.  The language of this court's directive was clearly specific:

> Because Alcantara clearly satisfies the prerequisite enhancement requirements of U.S.S.G. § 2K2.1(a)(2), whether his prior sexual battery-related convictions are counted as a single conviction or multiple convictions (i.e., two prior convictions, the prior sexual assault conviction and the drug conviction), it would appear that

> Alcantara warrants an enhanced offense level of 24 pursuant to that guideline. Therefore, the district court's judgment must be vacated and remanded for resentencing *as indicated*.
>
> Accordingly, the district court's judgment is affirmed in part and vacated and remanded *in part for recalculation* of Alcantara's guideline sentence.

*United States v Miguel Angel Alcantara*, 2001 WL 183272 at 4.

The directed language of this court's remand to Judge Collier comports with the limiting language recognized by previous decisions in this circuit as signifying limited remand. For instance, in *O'Dell*, this court recognized the following appellate mandate as limited: "[f]or the foregoing reasons, the conviction is AFFIRMED, the sentence is VACATED, and the case is REMANDED for resentencing on the issue of obstruction of justice." *O'Dell*, 320 F.3d 679 (quoting *United States v. Polland*, 994 F.2d 1262, 1271 (7th Cir. 1993). Moreover, the language of this court's remand to Judge Collier provided a distinct mandate, unlike a general remand for resentencing. *See O'Dell*, 320 F.3d 679 (noting that "we reverse the district court's determination that [defendant] was not an armed career criminal . . . and remand for resentencing," provided an instance of general remand).

Under the mandate rule, because this court conveyed clearly that the remand for resentencing was limited to determining the application of U.S.S.G. § 2K2.1(a)(2), the district court's authority on remand was limited to resolving that issue alone. Because the remand was so limited, the district court lacked the jurisdiction to review Alcantara's sentence *de novo,* to "redo the entire sentencing process including considering new evidence and issues." *United States v. Moore*, 131 F.3d at 597 Accordingly, the district court did not err in refusing the consider Alcantara's newly produced motion predicated on issues and evidence not introduced at the time of the defendant's original sentencing.

In arguing against a limited remand, Alcantara relies upon the decision in *United States v. Smith*, 2001 WL 1216972 (6th Cir. Oct. 4, 2001), to bolster his argument that this court returned a general remand to Judge Collier containing a specific instruction to apply the enhanced base offense level to defendant's sentence. In *Smith*, this court considered the following directive as a general remand with a specific instruction for resentencing:

> [W]e VACATE Smith's sentence and remand to the district court with instructions to resentence Smith without applying the specific offense characteristic listed in U.S.S.G. § 2K2.1(b)(5). We AFFIRM the sentence in all other respects.

*Smith*, at *3. *Smith* fails to provide guiding precedent, because unlike the instant matter which involved directing the district court to apply a specific sentencing condition to Alcantara, the court in *Smith* merely excluded one condition from sentencing without directing the district court's determination. Thus, while the district court in *Smith* had "discretion in evaluating how the §2K2.1(b)(5) omission would affect Smith's overall sentence," Judge Collier lacked the discretion to apply any sentencing guideline other than §2K2.1(a)(4) to Alcantara. *Smith*, 2001 WL 1216972 at *3.

In addition, assuming *arguendo*, that this court had issued a general remand, Alcantara, nevertheless, waived his opportunity to raise his alienage and the application of *United States v. Ebolum*, when he failed to address the issue at his first sentencing. *See O'Dell*, 320 F.3d at 681(waiving the right to raise *Apprendi* on remand). The basis for Alcantara's motion for downward departure existed at the time Judge Collier originally sentenced the defendant in February 2001, yet counsel did not raise the issue until January 2003. Alcantara's counsel made a strategic decision not to raise the downward departure issue at defendant's initial sentencing, opting to wait until

defendant faced a higher guideline range. Unfortunately, such strategic second-guessing did not

preserve Alcantara's unfiled motion when this court issued its remand for resentencing. *See United*

*States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) (noting that government waived efforts to

raise defendant's total offense level for possession of firearm during a drug crime when it failed to

raise the issue during an earlier appeal, stating that "[w]hile the district court may entertain any

issues it feels are relevant to the overall sentencing decision (following a general remand), this does

not give the parties license to reassert issues they should have raised during an earlier appeal.")

(citing *United States v. Hebeka*, 89 F.3d 279, 284-85 (6th Cir. 1996)).

Finally, through supplemental briefs, the parties addressed whether the district court's

imposition of a four-level specific offense enhancement to Alcantara's base offense level, predicated

upon U.S.S.G. § 2K2.1(b)(5),[4] created an error based upon *Blakely v. Washington*, 124 S.Ct. 2531

(2004). Alcantara has asserted the enhancement was predicated upon facts not found by the district

court beyond a reasonable doubt. However, this court is satisfied that *Blakely* has no bearing on

this case. *See United States v. Koch*, No. 02-6278, 2004 WL 1899930 (6th Cir. Aug.26, 2004) (en

banc) (concluding that *Blakely* does not apply to the Federal Sentencing Guidelines). Even

assuming, *arguendo*, that *Blakely* did apply to invalidate judicial fact-finding, the decision,

nevertheless, falls outside the ambit of the instant case in which Alcantara admitted the facts upon

which the U.S.S.G. § 2K2.1(b)(5) enhancement was based. Because Alcantara did not contest the

---

[4]U.S.S.G. § 2K2.1(b)(5) provides that the defendant's use or possession of any firearm or ammunition in connection with another felony offense garners a four-level sentencing enhancement. The enhancement applied to the instant matter in which Alcantara used two firearms in connection with unrelated felony convictions in state court for aggravated assault and reckless endangerment.

enhancement at his sentencing hearing, the district court did not exercise the fact-finding duty

necessary to impel the application of *Blakely*. *See United States v. Hurst*, 228 F.3d 751, 760 (6th

Cir. 2001) (where defendant agreed at sentencing the enhancement was properly imposed on the

basis stated in the presentence report the court's fact-finding duty under Rule 32(c)(1) is not

triggered).

Accordingly, the district court did not err in determining that it was without jurisdiction to

consider Alcantara's motion for downward departure on remand from this court.