NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0158n.06
Filed: December 13, 2004

**No. 03-6685**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| MAURICE HUGHLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: GILMAN and SUTTON, Circuit Judges; McKEAGUE, District Judge.[*]

PER CURIAM. Maurice Hughley appeals his 37-month sentence for mail fraud and failure to appear. For the following reasons, we affirm.

I.

On February 12, 2001, Hughley pleaded guilty to mail fraud in connection with a false credit-card application. After he failed to appear for his sentencing hearing on this charge, he was

_____

[*]The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

arrested and pleaded guilty (on July 31, 2002) to an additional charge of failing to appear. At the July 31 hearing, the district court sentenced Hughley to concurrent sentences of 37 months for the two charges, as well as three years of supervised release.

Hughley appealed, arguing that the district court failed to ascertain whether Hughley and his attorney had discussed the presentence report before the sentencing hearing. The government conceded error, and this court reversed and remanded for resentencing. *United States v. Hughley*, Nos. 02-6006 & 02-6007, 2003 WL 21500164, at *1 (6th Cir. June 25, 2003) ("*Hughley I*"). After briefly introducing the case, this court's entire order contained the following:

> Hughley does not dispute the validity of his convictions. Instead, he argues that his case should be remanded for resentencing because the district court did not verify that he and his attorney had read and discussed the presentence report. The government properly agrees that a remand is necessary for this reason.
> Accordingly, Hughley's sentences are both vacated and his case is remanded to the district court for resentencing.

*Id*. (citations omitted).

In September 2003, on remand, Hughley filed several new pro se objections to the presentence report as well as a motion for a downward departure. At his resentencing hearing, the district court asked Hughley's attorney whether she and Hughley had discussed the presentence report. Hughley's counsel responded affirmatively, and the court asked if there was anything further. Hughley's counsel stated that there was not, but Hughley interjected, bringing up the new objections he had filed. In refusing to consider the new objections, the district court reasoned (1)

that Hughley had discussed the presentence report with counsel before the first sentencing hearing and no one had raised these objections at that point, and (2) that it would not permit new pro se objections since Hughley was represented by counsel. The district court then resentenced Hughley to the original 37-month sentences on each count, again to run concurrently.

Through his attorney, Hughley has claimed on appeal that the district court committed reversible error by failing to make judicial findings regarding his new objections. And on his own, Hughley has filed a supplemental brief challenging his conviction for the first time on a variety of constitutional grounds.

## II.

Appellate courts have the authority to grant general or limited remands. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999); 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). When this court issues a general remand, the district court may resentence a defendant with de novo review of any relevant sentencing factors. *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004) ("*Orlando II*"). When this court issues a limited remand, "a district court's authority is constrained to the issue or issues remanded." *Id.* (quotation marks omitted). Remands are presumed general in the absence of limiting language.

*United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). "To constitute a limited remand, the appellate court must convey clearly its intent to limit the scope of the district court's review." *Orlando II*, 363 F.3d at 601 (quotation marks omitted). In our de novo review of whether a remand is limited or general, *see Moore*, 131 F.3d at 598, we may consider the "specific language used in the context of the entire opinion or order," *Campbell*, 168 F.3d at 267–68.

In *United States v. Orlando*, 281 F.3d 586 (6th Cir. 2002) ("*Orlando I*"), this court found that the district court erred by failing to make "specific findings to justify holding Orlando accountable for $449,000 of laundered money," which raised his base offense level by three points. *Id*. at 601. The court concluded its opinion with the following language: "For these reasons, we conclude that the district court erred in enhancing Orlando's base offense level by three points without making specific factual findings concerning the amount of laundered funds for which he was accountable. Orlando's sentence must therefore be vacated, and we must remand for resentencing." *Id*. On remand, the district court stated that the remand was "limited to determining the amount of laundered funds properly attributable to Orlando" and that "the limited remand required it to apply the guidelines that were in effect at the time of original sentencing." *Orlando II*, 363 F.3d at 600.

In *Orlando II*, we agreed with the district court, finding that this court "clearly conveyed in its [*Orlando I*] Opinion of February 25, 2002, that its remand for resentencing was limited to determining the amount of laundered money for which [ ] Orlando should be held accountable." *Id*. at 601. *See also United States v. O'Dell*, 320 F.3d 674, 680 (6th Cir. 2003) (finding a limited remand where this court earlier had found clearly erroneous the district court's application of a

"safety valve" for mandatory minimum sentencing and "remand[ed] for re-sentencing without application of the safety valve").

As in the *Orlando* cases, the government argues that our earlier remand was a limited one, which precluded Hughley from raising additional challenges to his conviction and sentence. Once the district court determined that Hughley and his counsel had discussed the presentence report, the government argues, the purpose of the narrow remand had been satisfied and there was nothing left for the district court to do—except to reinstate the original sentences. Hughley offers no response to the government's argument on this score.

We agree with the government. Consistent with the *Orlando* cases, the language of our prior order suggests that it was a limited remand. That order, to repeat, said the following:

> Hughley does not dispute the validity of his convictions. Instead, he argues that his case should be remanded for resentencing because the district court did not verify that he and his attorney had read and discussed the presentence report. The government properly agrees that a remand is necessary *for this reason*.
> Accordingly, Hughley's sentences are both vacated and his case is remanded to the district court for resentencing.

*Hughley I*, 2003 WL 21500164, at *1 (emphasis added; citations omitted).

The context of our earlier order prompts a similar conclusion. Hughley raised just one limited issue in his first appeal: that the district court had failed to adhere to Rule 32 of the Federal Rules of Criminal Procedure because it did not specifically find that Hughley and his counsel discussed the presentence report. Having successfully obtained a remand on that issue, he filed numerous new objections to the same report—objections that could have been filed before the first sentencing hearing and appealed during the first appeal. Under these circumstances, the district

No. 03-6685
*United States v. Hughley*

court properly limited its rehearing consideration to the reason for the remand and declined to hear

Hughley's new arguments, including his new challenges to his conviction on speedy-trial grounds,

among others.  As we have noted before in a similar setting:

> The law-of-the-case doctrine bars challenges to a decision made at a previous stage
> of the litigation which could have been challenged in a prior appeal, but was not.  A
> party who could have sought review of an issue or a ruling during a prior appeal is
> deemed to have waived the right to challenge that decision thereafter, for it would
> be absurd that a party who has chosen not to argue a point on a first appeal should
> stand better as regards the law of the case than one who had argued and lost.

*United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997) (quotation marks and citations omitted).

Having failed to raise these new issues in his first appeal and having failed to "dispute the validity

of his convictions" in his first appeal, *Hughley I*, 2003 WL 21500164, at \*1, Hughley cannot raise

these issues now.

III.

For these reasons, we affirm.