**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  06a0802n.06
Filed:  November 1, 2006

**No. 04-4410**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA*,* | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JOSEPH PAUL FRANKS, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

Before:  MARTIN and RYAN, Circuit Judges; MARBLEY, District Judge.*

ALGENON L. MARBLEY, District Court Judge.

Defendant Joseph Franks appeals the district court's order sentencing him to 78 months

of incarceration, imposed following remand from this court's judgment in *United States v.

Franks*, 98 Fed. Appx. 483 (6th Cir. May 27, 2004) ("*Franks I*").  Defendant claims that the

district court violated the Sixth Amendment when it improperly calculated the amount of cocaine

for which he should be held responsible.  Additionally, Defendant argues that the district court

violated the Sixth Amendment when it improperly enhanced his offense level by two points for

possession of a firearm, pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines.  We affirm the

district court's determination of the amount of cocaine attributable to Defendant and that court's

---

*The Honorable Algenon L. Marbley, United States District Judge for the Southern District of
Ohio, sitting by designation.

application of a two point sentence enhancement because Franks waived these arguments when he failed to pursue them during his earlier appeal of this case.

## I. BACKGROUND

On June 14, 2002, Franks was convicted by a jury of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of four counts of use of a communication facility to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). As part of its guilty verdict, the jury specifically found that Franks had conspired to distribute less than 500 grams of cocaine.[1] Following a bench trial, which occurred directly after the jury trial, the district court convicted Franks of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

During Franks' original sentencing proceeding on September 12, 2002, the district court calculated his base offense level as 24. Then, the district court adopted the Presentence Investigation Report (PSR) recommendation for a two level enhancement for possession of a firearm. The district court also adopted the PSR recommendation for an eight level enhancement because it found Franks to be a "career offender," pursuant to section 4B1.1 of the Sentencing Guidelines, due to his two previous state convictions for possession of cocaine, in violation of Ohio Revised Code §§ 2925.03 and 2925.11, respectively.[2] Accordingly, the district court

_____

[1]The indictment charged Franks with conspiring to distribute five or more kilograms of cocaine.

[2]Franks did not object to either of the PSR's recommendations. He did argue, however, that the district court should depart downward from the otherwise applicable total offense level of 34 under the career offender provision to level 26, which still included a two level enhancement for possession of a firearm. The district court denied Franks' request for a downward departure.

2

assigned Franks a total offense level of 34, and sentenced him to a term of 262 months incarceration for the conspiracy conviction, a term of 48 months incarceration for each use-of-communications-facility conviction to run concurrent with each other and with the sentence for the conspiracy conviction, and a term of 120 months incarceration for the felon-in-possession conviction to run concurrent with the other sentences. Franks timely appealed.

In Franks' first appeal, this court affirmed his convictions, but vacated his sentence and remanded the case to the district court for resentencing. *Franks I*, 98 Fed. Appx. 483. In our decision on the sentencing issue, we held that "the district court erred in applying the [career offender] enhancement because Franks's conviction under Ohio Revised Code § 2925.11 does not constitute a 'drug possession offense' and, hence, Franks does not have 'two prior felony convictions of either a crime of violence or a controlled substance offense.'" *Id*. at 488 (quoting United States Sentencing Commission, *Guidelines Manual*, § 4B1.1(a) (Nov. 2001)). We remanded this case for resentencing, notwithstanding Franks' failure to object to the imposition of the enhancement, because the parties agreed that Franks should be resentenced without the application of the career offender enhancement. *Id*.

During his resentencing proceeding on November 3, 2004, Franks raised two issues in addition to the "career offender" enhancement that formed the basis for the remand order. First, Franks argued that the jury's verdict that his conspiracy offense involved less than 500 grams of cocaine required the district court to apply a base offense level of 12, the lowest level authorized by the jury's verdict. Second, Franks argued that the evidence did not support, and the jury's verdict did not authorize, the application of a firearm enhancement. Despite Franks' arguments, the district court applied a base offense level of 24, which corresponded to an offense that

3

involved at least 400 grams, but less than 500 grams of cocaine, and it applied a two level enhancement for possession of a firearm, pursuant to section 2D1.1(b)(1) of the Sentencing Guidelines.[3] Accordingly, the district court assigned Franks a total offense level of 26, with a criminal history category of III, and sentenced him to a term of 78 months incarceration.[4] Franks appealed the district court's order for a second time.

## II.  ANALYSIS

As a threshold matter, we must determine whether our previous remand of this case was general or limited.[5] Appellate courts have the authority to grant remands that are either general or limited in scope. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999); 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). When this court issues a general remand, the district court may resentence a defendant with *de novo* review of any relevant sentencing factors. *United States v. Orlando*, 363 F.3d 596, 601 (6th

---

[3]In rendering its resentencing decision, the district court explained, "this Court interprets the remand as limited, and, consequently, did not hear any objections that extend beyond the career offender provisions."

[4]The district court sentenced Franks to a term of 78 months incarceration for the conspiracy conviction, a term of 48 months incarceration for each use-of-communications-facility conviction to run concurrent with each other and with the sentence for the conspiracy conviction, and a term of 78 months incarceration for the felon-in-possession conviction to run concurrent with the other sentences.

[5]A district court's determination as to whether a remand is general or limited is reviewed de novo. *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) (citing *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997)).

Cir. 2004) ("*Orlando II*"). When this court issues a limited remand, "a district court's authority is constrained to the issue or issues remanded." *Id*. (internal quotation omitted). "To constitute a limited remand, the appellate court must convey clearly its intent to limit the scope of the district court's review." *Id*. at 601 (internal quotation omitted). The language used to limit the scope of the district court's review "could appear anywhere in an opinion or order, including a designated paragraph or section, or certain key identifiable language." *Campbell*, 168 F.3d at 267.

This court's reasoning in *Orlando II* is instructive here on the issue of limited remand. 363 F.3d at 601. In *United States v. Orlando*, 281 F.3d 586 (6th Cir. 2002) ("*Orlando I*"), we found that the district court had erred when it failed to make "specific findings to justify holding Orlando accountable for $449,000 of laundered money," which raised his offense level by three points. *Id*. at 601. The *Orlando I* court used the following language: "For these reasons, we conclude that the district court erred in enhancing Orlando's base offense level by three points without making specific factual findings concerning the amount of laundered funds for which he was accountable. Orlando's sentence must therefore be vacated, and we must remand for resentencing." *Id*. When Orlando appealed the district court's resentencing order on a separate issue, the *Orlando II* court declined review, holding that the language of the prior opinion "clearly conveyed" that the "resentencing was limited to determining the amount of laundered money for which [] Orlando should be held accountable." 363 F.3d at 601.

Similarly, we found that the language of a prior order suggested a limited remand in *United States v. Hughley*, 118 Fed. Appx. 896, 898 (6th Cir. 2004) ("*Hughley II*"). In *United States v. Hughley*, 68 Fed. Appx. 616 (6the Cir. 2003) ("*Hughley I*"), this court held:

> Hughley does not dispute the validity of his convictions. Instead,
> he argues that his case should be remanded for resentencing

5

> because the district court did not verify that he and his attorney has read and discussed the presentence report. The government properly agrees that a remand is necessary for this reason. Accordingly, Hughley's sentences are both vacated and his case is remanded to the district court for resentencing.

*Id*. at 616. After his case was remanded to the district court, pursuant to *Hughley I*, Hughley filed numerous new objections to his presentence report, but the district court limited its rehearing consideration to the reason for remand – verification that Hughley and his attorney had read and discussed the presentence report – and declined to hear Hughley's new arguments. *Hughley II*, 118 Fed. Appx. at 898. In Hughley's second appeal of his sentence, this court held that it could not hear his new issues because *Hughley I* constituted a limited remand. *Id*. at 898–99.

In this appeal, we must determine whether the *Franks I* decision constituted a limited remand. We find that it does. Much like the language identified in the *Orlando* and *Hughley* cases, the language in the *Franks I* opinion ordered a limited remand when it explained, "[b]ecause, as the parties concur, Franks's conviction under § 2925.11 does not constitute a 'crime of violence' or a 'controlled substance offense,' and because the parties agree that Franks should be resentenced notwithstanding his failure to object to the imposition of the enhancement, we remand for resentencing." 98 Fed. Appx. at 488. Our holding that *Franks I* ordered a limited remand, as opposed to a general remand, is further buttressed by the fact that Franks I restricts its sentencing analysis to a single issue: whether the district court erred in applying the "career offender" sentencing enhancement. The *Franks I* court did not consider any other component of the district court's sentencing determination. Therefore, our previous order in *Franks I* constitutes a limited remand for the purpose of recalculating Franks' total offense level without applying the "career offender" enhancement.

6

Having established that *Franks I* created a limited remand, we cannot now review any new arguments to the district court's sentencing determination. As we have explained before under similar circumstances:

> The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but was not. A party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.

*United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997) (internal quotation and citations omitted); *see also United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) ("when a party fails to seek review of a district court's final order, it is barred from reasserting that issue in any subsequent appeals occurring in that case") (citations omitted). In *McKinley*, we addressed this precise issue. There, the government appealed the district court's decision not to raise the defendant's total offense level for possessing firearms during a drug crime. *Id*. This court found that the government waived its argument and was precluded from asserting it during a subsequent appeal when the firearms enhancement issue was just as available to the government during the first appeal. *Id*. With regard to the policy arguments behind the waiver doctrine, the *McKinley* court stated that "[t]he waiver doctrine exists to forestall [] perpetual litigation by notifying parties that they will forfeit their claims if they fail to seek review in the first appeal." *Id*. at 719.

In this case, Franks could have sought review in his first appeal to this court on the issues he raises today, but he did not. At Franks' original sentencing proceeding in September 2002, the district court calculated his base offense level as 24 and applied a two level enhancement for

7

possession of a firearm. In fact, during the original sentencing, defense counsel even asserted that "this Court does have the authority to downward depart to what really truly reflects his criminal history, which would be a level 26, criminal history category III, which would be a 78 to 97 month sentence. I mean, that's really truly what the defendant should be sentenced to."[6] This statement amounts to a concession that both the base offense level of 24 and the two level enhancement for gun possession were appropriate. Even if Franks had not made this statement at his original sentencing, though, he still would have relinquished his ability to seek review of these issues by this court because he failed to raise them during his initial appeal.

As set forth herein, although it appears that the Appellant Franks failed to make the correct request for relief, it does appear that he timely raised a Sixth Amendment objection to the District Court's fact finding with respect to the weapon. The alleged Sixth Amendment error may have affected the District Court's decision as to the sentence imposed in this case. Inasmuch as this sentence was imposed prior to the United States Supreme Court's Decision in *United States v. Booker,* 125 S.Ct. 738 (2005), and it is not clear either from the original sentencing or resentencing hearings whether the District Judge was treating the Guidelines as mandatory or advisory in fixing the range for Franks's sentence, this case is remanded to the District Court for reconsideration of the Court's enhancement for possession of a firearm pursuant to Section 2(D)1.1(b)(1) of the Advisory Sentencing Guidelines. Additionally, the District Court is to reconsider any other aspects of the sentencing that might have been affected by the *Booker* Decision.

---

[6]This court acknowledges that Franks is now represented by a different attorney than the one who represented him at trial and during his original sentencing. That fact alone, however, does not change the result of this appeal.

8

### III. CONCLUSION

For the foregoing reasons, the district court's resentencing decision is hereby

**AFFIRMED** and the case is remanded for resentencing under *Booker*.

RYAN, Circuit Judge, concurring.    I concur in the result reached in my brother's opinion, and in most of the underlying analysis. I do think, however, that it is not necessary to address the issue whether our remand in Franks I was general or limited because, in either case, Franks forfeited his argument that the district court improperly applied a two-point enhancement for possession of a firearm by not raising it during the initial sentencing hearing or appeal. Although a general remand permits the district court to "entertain any issues it feels are relevant to the overall sentencing decision," it "does not give the parties license to re-assert issues that they should have raised during an earlier appeal." United States v. McKinley, 227 F.3d 716, 718 (6th Cir. 2000).

That said, I concur in the judgment for affirmance.