NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0563n.06
Filed: September 17, 2008

No. 07-3462

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| NICHOLAS J. TRIANA, Jr., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COOK and GRIFFIN, Circuit Judges; and MARBLEY,* District Judge.

COOK, Circuit Judge. On appeal from a *Booker* resentencing, Nicholas Triana challenges

his 108-month sentence, arguing that the district court improperly modified his sentence to add a

forfeiture; violated his Sixth Amendment rights by increasing his sentence using judge-found facts;

erred in grouping offenses to calculate his sentence; and double-counted conduct for purposes of

three sentence enhancements. Finding these challenges to lack merit, we affirm Triana's sentence.

I.

Triana practiced podiatry in Ohio, primarily treating nursing-home patients on Medicare. In

1998, Triana pleaded guilty to health care fraud for misusing medical billing codes. Triana's plea

---

*The Honorable Algenon L. Marbley, United States District Judge for the Southern District
of Ohio, sitting by designation.

agreement disqualified him from seeking reimbursement from federal health care programs, directly or indirectly, for eight years.[1]  Triana nevertheless formed a new podiatry practice, which ultimately collected more than $1.7 million from Medicare.  A jury convicted him of conspiracy, health care fraud, and bank fraud.

The district court originally sentenced Triana to 135 months.  *Booker* resentencing reduced his sentence to 108 months.  Triana appeals once again, arguing that the district court:  1) impermissibly modified his sentence to include a forfeiture; 2) violated his Sixth Amendment rights by finding facts that increased his sentence; and 3) applied certain Guidelines provisions incorrectly.

## II.

As for the district court's adding a forfeiture order after entering a final judgment in excess of its Fed. R. Crim. P. 36 authority to correct clerical errors, Triana fails to convince.  Selectively quoting the resentencing transcript, Triana contends that the district court omitted a forfeiture order in oral sentencing and in the written judgment that followed.  Not so.  Although the district court initially neglected to include forfeiture in its sentence pronouncement, when invited to object, the Government asked that the earlier-stipulated forfeiture be incorporated in the resentencing judgment, and the court obliged.  *See* J.A. 292–93.

---

[1]The facts are set out in greater detail at *United States v. Triana*, 468 F.3d 308, 311–14 (6th Cir. 2006).

And contrary to Triana's reading, the written judgment aligned with the court's oral pronouncements. *See* J.A. 41. Triana mistakenly relies on an e-mail noting a clerical correction to the Guidelines range to support this alleged forfeiture amendment, but the e-mail does not concern forfeiture and adds nothing of substance to the judgment. Therefore, we reject Triana's first claim.

Triana next argues that the court violated his Sixth Amendment rights by finding sentencing facts, but "this court and others have repeatedly held since *Booker* that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*." *United States v. Ferguson,* 456 F.3d 660, 665 (6th Cir. 2006); *see also United States v. Gates*, 461 F.3d 703, 707–08 (6th Cir.), *cert. denied*, 127 S. Ct. 602 (2006).

Finally, Triana challenges the district court's application of the Guidelines to his conduct in two ways. First, he argues that it improperly grouped his offenses to calculate his offense level. Second, he posits that the court double-counted conduct by imposing overlapping enhancements for amount-of-loss, "sophisticated means," and Triana's leadership role in the offense. Triana's failure to protest these enhancements in his prior *Booker* appeal precludes his raising them here. *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) (government forfeited an argument available, but unpursued, in the first appeal); *see also United States v. Mitchell*, 232 F. App'x 513, 517 (6th Cir. 2007) (failure to object to enhancement on *Booker* appeal barred defendant from further appeals on the issue); *United States v. Franks*, 203 F. App'x 698, 702 (6th Cir. 2006) (defendant's failure

to object to firearm enhancement in prior *Booker* appeal foreclosed raising it in a later appeal).

III.

For these reasons, we affirm.